**GEORGE H. RUTH CANDY CO., Inc., v. CURTISS CANDY CO.**

Patent Appeal No. 2762.

Court of Customs and Patent Appeals.
May 27, 1931.

Cutting, Phillips & Hall, of New York City (Victor W. Cutting and Sylvester J. Liddy, both of New York City, of counsel), for appellant.

Henry B. Floyd, of Washington, D. C. (Irwin N. Walker, of Chicago, Ill., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents in a trade-mark opposition proceeding, reversing a decision of the Examiner of Trade-Mark Interferences, and holding that appellant is not entitled to the registration for which it has applied.

Appellant, on June 2, 1926, filed an application for registration of a mark comprising the words "Ruth's Home Run" and the name "George H. 'Babe' Ruth"; the latter being stated to constitute the signature of George H. Ruth, who is well known as a baseball player. In the application it is stated that no claim is made to the exclusive use of the word "Ruth's" apart from the mark shown. The mark is stated to be applied to candy.

The labels accompanying the application show, in addition to the mark claimed in the application, a picture of the head and shoulders of the ball player, at the lower edge of which appear the words, "Babe Ruth's Own Candy."

Appellee sets up adoption and use, through predecessors in business, of the notation "Baby Ruth" as early as 1919, and use continually since said year, upon the same class of goods, viz., candy. Ownership of registration of said mark "Baby Ruth" for chocolate coated candy bars is also set up by appellee, said registration having been issued on May 27, 1924.

Both parties took testimony. From such testimony it appears that appellee and its predecessors have continually used the notation "Baby Ruth" upon candy since 1919; that appellee's goods bearing such mark are sold in large quantities in various parts of the country, such sales reaching as high as $1,000,000 per month; and that it has expended several million dollars in advertising its product under said trade-mark.

Appellant alleges no date of adoption and use of its mark prior to April, 1926.

Many questions have been raised by the parties which we find it unnecessary to consider, for the reason that if appellant's mark so nearly resembles the mark of appellee as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers, the decision of the commissioner must be affirmed.

The examiner held that, as the name "George H. 'Babe' Ruth" is written in a "particular or distinctive manner," it is registerable under the provisos of section 5 of

1034

the Trade-Mark Act of February 20, 1905 (15 USCA § 85), which read as follows: "* * * Provided, That no mark which consists merely in the name of an individual, firm, corporation, or association, not written, printed, impressed, or woven in some particular or distinctive manner or in association with a portrait of the individual, or merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods, or merely a geographical name or term, shall be registered under the terms of this Act. * * * Provided further, That nothing herein shall prevent the registration of a trade-mark otherwise registerable because of its being the name of the applicant or a portion thereof."

The commissioner held that while the name "George H. Ruth," so written, would be registerable under said provision, the nickname "Babe" should not be regarded as a part of the name of the athlete George H. Ruth to the extent of permitting registration of it long years after another has used the quite similar word "Baby" in connection with the word "Ruth" as a mark for this common class of goods, and it was upon this ground that the decision of the examiner was reversed.

At the time these decisions were rendered by the Patent Office tribunals, this court had not decided the case of J. B. Williams Co. v. Ernest W. Williams, 48 F.(2d) 398, 400, 18 · C. C. P. A. ——, in which it was held that a mark "E. W. Williams," presented in the form of a facsimile signature, used upon an after-shaving cream or lotion, was likely to cause confusion with a registration of the word "Williams," used upon shaving soap and an after-shaving preparation prior to any use by the appellee, E. W. Williams, of his mark, and therefore its registration was barred by the first proviso of said section 5 (15 USCA § 85).

In that case, this court, after discussing and construing the provisions of said section 5, said: "It seems to us that where one elects to make a technical trade mark use of his own name, that name, for that purpose, becomes dissevered, as it were, from its owner's personality, and when he seeks to register it under a statutory enactment, it must be tested by precisely the same rules and principles which apply to all other technical trade marks."

In view of our construction of said section 5, expressed in the Williams Case, supra,

it is unnecessary for us to consider whether the nickname "Babe" could be registered as a part of the name of George H. Ruth under said name-clause of section 5 (15 USCA § 85), for we are clear that, assuming that such nickname may be so registered as a part of the name, if such name were otherwise registerable, the name "George H. 'Babe' Ruth" is not registerable under the facts in this case because barred by the first proviso of said section 5 (15 USCA § 85).

That confusion is likely between appellee's mark, "Baby Ruth," and appellant's mark, "Ruth's Home Run, George H. 'Babe' Ruth," is apparent. It is clear from the testimony that the connection of George H. Ruth with appellant was for the purpose of capitalizing his nickname "Babe" Ruth, used upon candy. Assuming that he is a bona fide stockholder and officer of appellant company, the manner in which the mark was used, as shown by the labels, indicates that the words "Babe Ruth" constitute the part of the mark relied upon by appellant. Moreover, the testimony establishes actual confusion between the marks, and under the doctrine declared in Williams v. Williams, supra, we must hold that appellant's mark is not registerable.

We would emphasize the fact that the proceeding before us is statutory, and the question of whether appellant has the right to use said mark is not before us. We simply hold, for the reason hereinbefore stated, that appellant's mark is not registerable under the provisions of said section 5.

Appellant contends that, even though the two marks so closely resemble each other as to be likely to cause confusion in the mind of the public, appellee has not established facts from which damage may be inferred, and therefore the opposition should be dismissed.

We have repeatedly held that, in a trademark opposition proceeding, any question may be disposed of relating to the proposed registration that might properly arise in an ex parte case. California Cyanide Co. v. American Cyanamid Co., 40 F.(2d) 1003, 17 C. C. P. A. 1198; Rose Nerenstone Bookman v. Oakland Chemical Co., 40 F.(2d) 1006, 17 C. C. P. A. 1213.

Upon the record before us, it is clear that appellant's mark is not registerable for the reasons hereinbefore stated, regardless of whether appellee would be damaged by the registration of appellant's mark. The statute itself forbids registration of a mark which so nearly resembles a registered mark

owned and in use by another, and appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers.

There remains but one other question requiring comment. Appellant charges appellee with unclean hands in the adoption of its mark. It is sufficient to say that this issue is not raised by appellant's answer to the notice of opposition, and even had it been so raised, the rule is well settled that the validity of appellee's registered trade-mark will not be considered in a proceeding of this character. Revere Sugar Refinery v. Joseph C. Salvato, 48 F.(2d) 400, 18 C. C. P. A. ——, and cases cited.

The decision of the Commissioner of Patents, adjudging that appellant is not entitled to the registration for which it has applied, is affirmed.

Affirmed.