## UNION TRUST CO. OF BUTLER v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5983.

Circuit Court of Appeals, Third Circuit.
May 28, 1936.

William A. Seifert, Maynard Teall, Robert L. Kirkpatrick, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa. (John L. Wilson and Rolland L. Ehrman, both of Butler, Pa., of counsel), for petitioner.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and Robert N. Anderson, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. Thomas W. Phillips, Jr., executed a trust agreement naming the petitioner as trustee and designating his four children then living and any after-born children as beneficiaries. The trustee filed four separate income tax returns up to 1924, and after the birth of a fifth child in 1924 filed five separate income tax returns. The commissioner concluded that but one trust estate was created by the deed of trust and determined a deficiency. The board sustained the commissioner.

■■ The decisive question is whether the deed of trust created one or five trust estates. Since this question involves the construction of a written contract, it is a question of law and the board's conclusions are subject to review on appeal. Without setting out the trust deed in extenso, we think the purpose of the deed is clearly shown to create separate trusts for each of the grantor's children. Such plural expressions as "trust estates," "trusts," "said estates," "trust funds," "several trust estates," "respective trust estates," indicate that the grantor had in mind, not one, but several trust estates. The provisions that the trustee keep accounts with all the beneficiaries separately likewise indicate an intention on the part of the grantor to create separate trusts. Although the trust instruments in the cases of United States Trust Company of New York v. Commissioner, 296 U.S. 481, 56 S. Ct. 329, 80 L.Ed. 340, and Helvering v. McIlvaine, 296 U.S. 488, 56 S.Ct. 332, 80 L.Ed. 345, differ in certain respects from the trust instrument in the instant case, we think they are favorable to the contention of the petitioner that several trusts were created in the instant case.

So holding, the order of the Tax Board is reversed and the record returned for procedure in accordance herewith.