See also 84 F.Supp. 1008.

MERRICK et al. v. SHARP & DOHME, Inc.

Civ. A. No. 49 C 672.

United States District Court
N. D. Illinois, E. D.

Jan. 23, 1950.

Soans, Pond & Anderson, Cyril A. Soans, William E. Anderson, Chicago, Ill., for plaintiffs.

Mann & Brown, L. B. Mann, Chicago, Ill., Geo. E. Middleton, New York City, of Counsel, for defendant.

BARNES, Chief Judge.

## Findings of Fact

1. This is a suit brought by A. C. Merrick and John R. Kneebone, d. b. a. Brookfield Laboratories, for a declaratory judgment to determine their rights with respect to the use of the trade-mark "Sulfodene".

2. Plaintiffs are natural persons residing in the Northern District of Illinois, Eastern Division, and are doing business as a co-partnership under the name Brookfield Laboratories.

3. Defendant is a Maryland corporation, is licensed to do business in the State of Illinois, and has designated as its registered agent C. T. Corporation System in the Northern District of Illinois, Eastern Division.

4. The amount in controversy exceeds $3,000, exclusive of interest and costs.

5. The controversy further involves the question of infringement of trade-marks registered in the United States Patent Office under the laws of the United States, 15 U.S.C.A. § 1114(1).

6. For many years plaintiffs have engaged in the manufacture of preparations used in the treatment of diseases of domestic animals, including a medicinal preparation, in liquid form, for external application to domestic animals for the purpose of treating eczema of mycotic origin. These preparations have been distributed and sold by plaintiffs throughout the United States and in various parts of the world.

7. From March 1, 1943, to April, 1946, plaintiffs continuously marketed in the United States their medicinal preparation, in liquid form, for external application to domestic animals, to the containers of which was applied the trade-mark "Sulfadene".

8. In April, 1946, plaintiffs changed the spelling of their mark to "Sulfodene". Since April, 1946, plaintiffs have continuously marketed in the United States and are now marketing said medicinal preparation, to the containers of which was and is applied the trade-mark "Sulfodene".

9. Plaintiffs have never sold their medicinal preparation under the name "Sulfodene" or "Sulfadene" for human use, and have not recommended, at any time, the use of their preparation for human beings.

10. Plaintiffs have expended in excess of $145,000 in advertising their product, and their sales of their product bearing the mark "Sulfadene" or "Sulfodene" have amounted to approximately $100,000 per year.

11. On August 27, 1947, plaintiffs filed in the United States Patent Office an application, Serial No. 532,552, for registration of their trade-mark "Sulfodene" for a medicinal preparation in liquid form for external application to domestic animals, in Class 6, Chemicals, Medicines, and Pharmaceutical Preparations; which application was passed for publication on January 23, 1948, and was published in the Official Gazette of the United States Patent Office on February 17, 1949.

12. On March 16, 1948, defendant filed in the United States Patent Office a notice of opposition to the registration of plaintiffs' trade-mark "Sulfodene". The allegations in the notice of opposition included the following:

"1. Sharp & Dohme, Incorporated, is engaged in the manufacture of pharmaceutical, biological, and other related products, and has been engaged in the manufacture of such products for many years.

"2. Among the many products manufactured and sold by Sharp & Dohme, Incorporated are the products identified by the trade-marks:

"(a) Sulfathalidine, which has been registered in the United States Patent Office under date of August 8, 1944, as No. 408,341 for a preparation for internal use effective against ailments of the alimentary tract, in Class 6, in the name of Sharp & Dohme, Incorporated, which trade-mark has been continuously used by Opposer since June 11, 1943, and

"(b) Sulfasuxidine, which has been registered in the United States Patent Office

under date of March 17, 1942, as No. 394,-111 for pharmaceutical preparations useful as bactericides and as antiseptics and for the treatment and prevention of infections of the gastro-intestinal tract and useful as intestinal antiseptics and for the prevention and treatment of dysentery, vacillary dysentery, cholera, colitis, typhoid fever, and for the prevention and treatment of infection during intestinal and abdominal operations, in Class 6, in the name of Sharp & Dohme, Incorporated, which trade-mark has been continuously used by Opposer since November 5, 1941.

"3. The Applicant's trade-mark and the above trade-marks of the Opposer are used upon similar goods or goods of the same descriptive properties.

"4. The Applicant's trade-mark is confusingly similar to the above trade-marks of the Opposer.

"5. The Applicant's claimed date of first use, April, 1946, is subsequent to the first use of the above trade-marks owned by Sharp & Dohme, Incorporated.

"6. Because of the use of a trade-mark by the Applicant consisting of the word 'Sulfodene', the trade and the public, upon seeing Applicant's goods, are likely to be confused and misled into the belief that Applicant's goods are manufactured and sold by the Opposer to the damage of the Opposer."

13. Plaintiffs allege that defendant's allegations as set forth in the notice of opposition have cast a cloud upon plaintiffs' title to their trade-mark "Sulfodene" and their right to use said trade-mark "Sulfodene" and that there is inherent in defendant's allegations in the notice of opposition a charge of infringement and a threat of suit in the future for infringement.

14. Defendant's salesmen knew of plaintiffs' use of the trade-marks "Sulfadene" and "Sulfodene" throughout the period of use of said marks, but defendant has made no charge of infringement against plaintiffs except that included in the allegations of said notice of opposition.

15. At the trial defendant offered no evidence of confusion or likelihood of confusion and submitted no other evidence,

standing on the grounds stated in the motion to dismiss, lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted.

16. There are registered in the United States Patent Office for goods in Class 6, relating to chemicals, medicines and pharmaceutical preparations, at least 75 trade-marks having the prefix "Sulfa", "Sulfe" or "Sulfo" and at least 50 trade-marks having the suffix "dene" or "dine". The prefix "Sulfa" and the suffixes "ine" and "ene" have definite meanings as applied to chemical terms.

## Conclusions of Law

1. This court has jurisdiction of the cause of action in view of the facts (a) that there is diversity in citizenship of the parties and the jurisdictional amount has been established, (b) that a federal question is involved under the Trade-Mark Statute, 15 U.S.C.A. § 1051 et seq., and (c) that the suit is brought under the Declaratory Judgment Statute, 28 U.S.C.A. § 2201.

2. The allegations in the notice of opposition filed by defendant in the United States Patent Office charge that plaintiffs' use of their trade-mark "Sulfodene" on plaintiffs' product constitutes an infringement of defendant's rights with respect to its trade-marks "Sulfathalidine" and "Sulfasuxidine", registered in the United States Patent Office. This raises an "actual controversy" under the Declaratory Judgment Statute, 28 U.S.C.A. § 2201.

3. In view of the prior trade-mark registrations introduced in evidence, the prefix "Sulfa" and the suffix "dine" are not distinctive and cannot be said to be the dominant parts of defendant's marks "Sulfathalidine" and "Sulfasuxidine". Accordingly, defendant cannot rely upon the prefix "Sulfa" and the suffix "dine" of its marks to establish the distinctiveness of these marks.

4. Plaintiffs' mark "Sulfodene" is not confusingly similar to defendant's registered marks "Sulfathalidine" and "Sulfasuxidine"; there has been no confusion in trade; and the use of plaintiffs' mark and defendant's marks on their respective

preparations is not likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such preparations.

5. Defendant cannot prevent plaintiffs from using the mark "Sulfodene" in connection with the sale, offering for sale, or advertising of plaintiffs' medicinal preparation.