**MERRICK et al. v. SHARP &
DOHME, Inc.**

No. 10150.

United States Court of Appeals
Seventh Circuit.

Dec. 22, 1950.

Rehearing Denied Jan. 19, 1951.

George E. Middleton, New York City,
L. B. Mann, Chicago, Ill., for appellant.

Cyril A. Soans, William E. Anderson,
Morgan L. Fitch, Jr., all of Chicago, Ill.,
for appellee.

Before DUFFY, FINNEGAN and
LINDLEY, Circuit Judges.

FINNEGAN, Circuit Judge.

Defendant-appellant expresses the problem presented by this appeal in the following query: Does the filing in the Patent Office of a statutory notice of opposition to the registration of a trade-mark, which opposition is based upon the confusion-in-trade clause of the statute, create an actual controversy between the parties justiciable by a Federal Court under the Declaratory Judgment Act?

The trial court's findings of fact and conclusions thereon are reported in full in 89 F.Supp. at page 139. Consequently, we

believe that, in this opinion, it will be necessary to restate only those vital facts which disclose the background of the dispute here involved.

On August 27, 1949, the plaintiffs A. C. Merrick and John R. Kneebone, citizens of Illinois and co-partners doing business as the Brookfield Laboratories, filed in the United States Patent Office their application for the registration of the trade-mark Sulfodene, which they had selected as the name for a medicinal preparation in liquid form for external application in the treatment of eczema of mycotic (parasitic fungi) origin. They sought registration of the mark in class six: "Chemicals, medicines and pharmaceutical preparations."

The application was in proper form, and on January 23, 1948 was passed by the examiner for publication in the Official Gazette of the United States Patent Office on February 17, 1948. 15 U.S.C.A. §§ 1051–1062.

The defendants Sharp & Dohme, Incorporated, a Delaware Corporation, under the provisions of the Trade-Mark Act, 15 U.S.C.A. § 1063, filed a timely notice of opposition to the registration by the plaintiffs of the trade-mark Sulfodene. The ground of opposition urged was that the mark in question so resembled two trade-marks of said defendant; namely: Sulfasuxidine, (No. 394,111) and Sulfathalidine, (No. 408,341) as to be likely when applied to the goods of the plaintiffs to cause confusion or mistake or to deceive purchasers. 15 U.S.C.A. § 1052(d).

The notice of opposition further alleged that both marks of the defendant are registered in class six: "Chemicals, medicines and pharmaceutical preparations" to be applied to certain medicinal preparations for internal use in the prevention and treatment of infections of the gastrointestinal tract; that these marks were registered in the Patent Office as trade-marks No. 394,-111 on March 17, 1942, and trade-mark No. 408,341 on August 8, 1944, and that defendant-appellant has used them since November 5, 1941 and June 11, 1943, respectively.

The notice of opposition as filed was in the form prescribed by the Rules of the Patent Office in trade-mark cases. 37 C.F.R. 110.31; 15 U.S.C.A.Appendix following section 1127.

Because of the construction placed upon the notice of opposition by the trial court, we deem it advisable to here restate its exact language as to the grounds upon which the opposition rests:

"3. The applicant's trade-mark and the above trade-marks of the opposer are used upon similar goods or goods of the same descriptive properties.

"4. The applicant's trade-mark is confusingly similar to the above trade-marks of the opposer.

"5. The applicant's claimed date of first use, April 1946, is subsequent to the first use of the above trade-marks owned by Sharp & Dohme, Incorporated.

"6. Because of the use of a trade-mark by the applicant, consisting of the word Sulfodene, the trade and the public, upon seeing applicant's goods, are likely to be confused and misled into the belief that applicant's goods are manufactured and sold by the opposer, to the damage of the opposer.

"7. For the reasons above, and other reasons, the opposer will be damaged by the granting of the registration applied for by the applicant, and the application for registration should therefore be denied."

Thereafter, on May 20, 1948, applicants filed in the Patent Office their answer to defendant's "notice of opposition." They admit that trade-marks Nos. 394,111 and 408,341, were issued to the defendants, but disclaim knowledge as to the remaining allegations in paragraphs one and two of the "notice of opposition." The applicants deny the allegations in paragraphs numbered three and four of the "notice" and state that they are without knowledge as to matters alleged in paragraph 5. They deny the allegations made in paragraphs 6 and 7.

Paragraphs 6 and 7 of applicant's answer to defendant's "notice of opposition" were, on motion of the defendant, stricken from the answer by the Examiner of Interferences of the Patent Office on July 9, 1948. The matter contained in these paragraphs

concerned the contention that the marks of the parties are not confusingly similar because of the issuance of a long list of registrations to other third parties for marks containing certain features which are common to the marks here in dispute. Pepsodent Co. v. Comfort Mfg. Co., 83 F.2d 906, 23 C.C.P.A., Patents, 1224; Traub Mfg. Co. v. R. Harris & Co., 53 F.2d 416, 19 C.C.P.A., Patents, 704.

So far as the record at bar discloses, no further proceedings were had in the Patent Office until the final hearing before the Examiner of Interferences, which was held on April 22, 1949.

However, on April 18, 1949, four days before the final hearing before the Examiner took place, the complaint in the action here under review was filed in the District Court of the United States for the Northern District of Illinois, Eastern Division.

The complaint sought a declaratory judgment under the provisions of 28 U.S. C.A. § 2201, and alleged diversity of citizenship as grounds for federal jurisdiction claiming that more than the statutory amount was involved. In their statement of claim the plaintiffs-appellees restated in detail the main facts that we have hereinbefore set out. As originally filed the complaint concluded:

"13. Plaintiffs aver that their trade-mark Sulfodene is not confusingly similar to defendant's trade-marks Sulfasuxidine and Sulfathalidine and that plaintiffs' use of their trade-mark Sulfodene on their medicinal preparation does not constitute an infringement of defendant's rights with respect to its trade-marks Sulfasuxidine and Sulfathalidine.

"14. In said Patent Office opposition proceeding, and in this suit, the sole question to be determined is whether plaintiffs' use of their trade-mark Sulfodene on their medicinal preparation for external application to the skin of domestic animals is likely to cause confusion or mistake or to deceive purchasers in view of defendant's use of its trade-marks Sulfasuxidine and Sulfathalidine in connection with pharmaceutical preparations for internal use. Plaintiffs further aver that the determina-

tion of said question by this Court will be *res adjudicata* in respect of said opposition proceeding, whereas, the determination of said question in the opposition proceeding would not be binding upon this or any other Court.

"15. Wherefore, plaintiffs demand:

"1. That this Court order, adjudge, and declare: (a) That the use of plaintiffs' trade-mark Sulfodene when applied to their medicinal preparation in liquid form for external application in the treatment of eczema of mycotic origin in domestic animals is not likely to cause confusion or mistake, or to deceive purchasers in respect of defendant's use of its trade-marks Sulfasuxidine and Sulfathalidine on any of defendant's products listed in its United States Patent Office trade-mark Registrations 394,111 and 408,341. (b) That defendant is not entitled to prevent plaintiffs' use of the trade-mark Sulfodene in connection with the sale, offering for sale, and advertising of plaintiffs' said medicinal preparation.

"2. That the defendant be restrained until the further order of this Court from proceeding further in said Patent Office opposition.

"3-4. Costs; such other further relief as to the Court may seem just."

On May 9, 1949, the defendant-appellant moved to dismiss the complaint, because (a) the court lacked jurisdiction over the subject matter of the suit, and (b) the complaint failed to state a cause of action upon which relief could be granted under Section 2201, Title 28 U.S.C.A.

About ten days after this motion was filed, and before it was argued, plaintiffs-appellees, under leave of court, amended their complaint by adding to it an additional averment that federal jurisdiction was invoked because "the controversy involves the question of infringement of trade-marks registered in the United States Patent Office under the laws of the United States, 15 U.S.C.A. § 1114(1)."

The amendment struck from the complaint paragraph 14, which we have hereinbefore copied, and likewise struck from paragraph 15 (Prayer for Judgment) of

716

the complaint, subparagraph 2 thereof, which prayed that defendant be restrained from further proceeding in the Patent Office opposition.

Later, on June 13, 1949, the trial court denied defendant's motion to dismiss; its opinion is reported in 84 F.Supp., at page 1008.

After its motion to dismiss was denied, appellant filed its answer. The answer reiterated that the court had no jurisdiction and that the complaint failed to state a cause of action. It stated that it "has not charged that plaintiffs' use of their mark Sulfodene constituted an infringement of defendant's marks Sulfasuxidine and Sulfathalidine."

While the action for declaratory judgment remained pending in the District Court, the statutory opposition proceeding continued in the Patent Office. On September 26, 1949, the Examiner of Interferences in the Patent Office filed his findings "that the marks in issue bear such near resemblance that their concurrent use in trade upon goods as closely related to those of the parties is reasonably likely to cause confusion or deception of purchasers." He sustained appellants' notice of opposition and adjudged that the plaintiffs were not entitled to the registration of Sulfodene for which they had made application.

On October 13, 1949, the plaintiffs, under the provisions of the Trade-Mark Act, 15 U.S.C.A. § 1070, appealed from the decision of the Examiner of Interferences to the Commissioner of Patents.

This was the status of the matter when the complaint for declaratory judgment came on for hearing before the District Court on January 19, 1950. The defendant-appellant, although present and represented at such hearing took no part therein. It offered no evidence, nor did it cross examine the single witness for plaintiffs-appellees. It stood steadfast in its contentions that it had not charged plaintiff with infringement of its trade-marks, and that the cause of action should be dismissed.

The plaintiff presented only one witness, Dr. Merrick. It put many documents in evidence as exhibits, including all papers filed in the Patent Office and the records of that office pertaining to this matter.

On January 23, 1950, the District Court entered its findings of fact and its conclusions thereon. Its final judgment was:

"1. That plaintiffs' use of their trade-mark Sulfodene on their medicinal preparation (a medicinal preparation in liquid form for external application in the treatment of eczema of mycotic origin in domestic animals) does not constitute an infringement of defendant's rights with respect to its trade-mark Sulfasuxidine and Sulfathalidine.

"2. That the plaintiffs recover from the defendant their taxable costs in this suit."

In its conclusions, preceding final judgment, the trial court held that it had jurisdiction of the subject matter and of the parties; that the allegation in the notice of opposition filed by defendant in the Patent Office charged an infringement of defendant's trade-marks, and this gave rise to an "actual controversy" under the declaratory judgment statute. 28 U.S.C.A. § 2201.

The vital finding of the trial court is numbered 14: "Defendant's salesmen knew of plaintiffs' use of the trade-marks 'Sulfadene' and 'Sulfodene' throughout the period of use of said marks, but defendant has made no charge of infringement against plaintiffs except that included in the allegations of said notice of opposition." [89 F.Supp. 139, 141.]

■ These findings (or conclusions) of the trial court are, of course, the result of its interpretation and construction of the Notice of Opposition. They are therefore not binding on this court. Union Trust Co. v. Commissioner of Internal Revenue, 3 cir., 84 F.2d 386, 387; Lum v. Commissioner of Internal Revenue, 3 cir., 147 F.2d 356, 357.

■ As we interpret and construe the Notice of Opposition, it is not a claim of infringement, or an assertion that infringement is threatened or has actually occurred. We consider it to be a mere assertion by the owner of certain trade-marks used upon similar products, or goods of the same descriptive properties, which marks are

registered and have been in use in interstate or foreign commerce before applicant's mark, that applicant's proposed mark if used is likely to confuse and mislead the public into the belief that applicant's goods are manufactured and sold by the opposer, and that opposer may be damaged thereby.

Moreover, as we have already pointed out, such notice is authorized and required to be filed by the Trade-Mark Act if the opposer believes that the registration of the mark applied for by applicant may result in damage to him. The Patent Office of the United States has, in its rules of practice, proposed, and to that extent prescribed, the form which such a notice of opposition should take.

■ A notice of opposition, in proper form, should not be construed to be a charge of infringement or a threat to proceed to redress past infringements or to prevent future infringements. In the case at bar, the notice of opposition merely seeks to prevent the registration of the proposed mark.

The opposition proceeding before the Patent Office is of an administrative nature. It is held in the interest of the public with the Patent Office as the public's representative.

In such a proceeding the person who files a notice of opposition does not become involved in private litigation with the applicant. The Trade-Mark Act allows an opposition only to one *who believes he would be damaged by the registration*. Such opposing party must allege and prove his interest in the matter of the registration. He must show facts from which the likelihood of injury may be inferred. (Callman Unfair Competition and Trade-Marks, pp. 1707-9.)

■ Congress has confided the registration of trade-marks to the Patent Office of the United States. The courts of the United States have no jurisdiction over registration proceedings except that appellate jurisdiction given them by the Trade-Mark Act.

■ The United States courts in exercising such jurisdiction as is given them in registration proceedings under the Trade-Mark Act are as part of the machinery of the Patent Office to determine the registrability of proposed marks. See Atkins & Co. v. Moore, 212 U.S. 285, 29 S.Ct. 390, 53 L.Ed. 515; Baldwin Co. v. R. S. Howard Co., 256 U.S. 35, 41 S.Ct. 405, 65 L.Ed. 816; John Morrell & Co. v. Doyle, 7 Cir., 97 F.2d 232; and Postum Co. v. California Co., 272 U.S. 693, 47 S.Ct. 284, 71 L.Ed. 478.

While it has no relevance to the question on this appeal, it may be interesting to note that on April 6, 1950, the Commissioner of Patents reversed the Examiner of Interferences and held the applicant's mark registrable. The defendant on June 3, 1950 filed its notice of appeal from the Commissioner's decision to the United States Court of Customs and Patent Appeals. Thereupon the plaintiffs, under the provisions of the Trade-Mark Act, elected to have all further proceedings under 35 U.S. C.A. § 63. Pursuant thereto, defendant filed its complaint on June 22, 1950 in the United States District Court of Illinois, where it is now pending.

The plaintiffs-appellees in support of their contention that the notice of opposition is a charge of infringement, insist strongly on the similarity in language between 15 U.S.C.A. § 1114(1), relating to infringements, and 15 U.S.C.A. § 1063, relating to opposition. The argument fails to distinguish between a proceeding to register and a proceeding to redress for infringement. In a proceeding to register the right to use the mark is not involved. George H. Ruth Co. v. Curtis Co., 49 F. 2d 1033-34, 18 C.C.P.A., Patents, 1471. Moreover, in an infringement suit the damage involved is either threatened or actual. In a registration proceeding the possibility or probability of damage, or of misleading the public, is the matter considered in an opposition based on confusion in trade.

It is likewise worthy of note that Notice of Infringement, or claim or charge of infringement, is not a prerequisite for the institution of a suit for redress for infringement under the circumstances shown by this record. Defendant-appellant's labels used on its product are in evidence

718

as physical exhibits. They establish that the notice of registration required by the Trade-Mark Act, 15 U.S.C.A. § 1111, is affixed to each such label.

Commenting on Upmann v. Forrester, L.R. 24, Ch. 8, 231; Crawslay v. Thompson, 134 Full Reprint Eng.Rep. 146-147; Rossmann v. Garnier, 211 F. 401, Hopkins in his work on Trade-Marks, Trade Names and Unfair Competition, 4th ed. said on pages 490-491: "We have had occasion elsewhere to refer to the rule laid down by Sir George Jessel, that complainant in actions of the character now under consideration should not give notice to the infringer before suit and it has been held in this country that no demand or notice is necessary. It is of the greatest importance to the practitioner to bear this rule in mind whether he be for plaintiff or the defendant. A failure to observe it will oftentimes involve an innocent and injured client in the payment of costs which would otherwise fall upon the other party; for it is no defense to an assessment of costs against the defendant that no demand was made or notice served before suit. A defendant who makes a full submission will not be mulcted in costs."

In our opinion the Notice of Opposition here involved did not constitute a charge of infringement.

There was therefore no justiciable controversy between appellant and appellees. The judgment of the District Court is reversed and the cause remanded with directions to dismiss the complaint.