**HOMEMAKERS, INC., Plaintiff,**

v.

**CHICAGO HOME FOR THE FRIEND-
LESS, Defendant.**

No. 69 C 2343.

United States District Court,
N. D. Illinois, E. D.

Feb. 6, 1970.

MEMORANDUM OPINION
AND ORDER

NAPOLI, District Judge.

The plaintiff, Homemakers, Inc., brought this action for a declaratory judgment that its trade-mark is duly registered and that the defendant has no right to have that mark cancelled and for an order restraining the defendant from prosecuting a cancellation proceeding in the United States Patent Office. The matter is before the Court on defendant's motion to dismiss for failure to allege an actual controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201.

The complaint alleges that the plaintiff was incorporated in April, 1965, and since that time has operated a successful and expanding business of supplying services as an employment contractor for domestic and medically related services and franchising others to do the same. It is alleged that the plaintiffs have franchised others throughout the United States to conduct the same business under the service mark "Homemakers."

In June, 1967, after the plaintiff became owner of a federal registration for the service mark, the defendant, Chicago Home for the Friendless, petitioned the United States Patent Office for cancellation of the registration alleging that the mark is merely descriptive or deceptively misdescriptive and that the plaintiff's use is likely to and has resulted in confusion, mistake and deception which has and will damage the defendant. This action for a declaratory judgment was filed in November, 1969, and the following month the Patent Office granted plaintiff's motion for a stay of proceedings pending a final order in this Court.

The motion to dismiss is based on the contention that the defendant's petition for cancellation of plaintiff's registration does not present an actual controversy within the meaning of the Declaratory Judgment Act. In support of its motion the defendant cites Merrick v. Sharp & Dohme, Inc., 185 F.2d 713 (7th Cir. 1950) wherein the Court of Ap-

peals for this circuit held that a complaint for a declaratory judgment that plaintiff's trade-mark was not confusingly similar to and not an infringement of the defendant's registered mark did not present an actual controversy since the defendant had not threatened the plaintiff with an infringement action and the defendant's notice of opposition in the Patent Office to the plaintiff's application for registration did not constitute a claim of infringement. It is the position of the Chicago Home for the Friendless that since it has not claimed infringement and since its petition for cancellation is on the same footing with the notice of opposition in *Merrick,* the holding of that case controls and the complaint should be dismissed.

The plaintiff attempts to distinguish *Merrick* on two grounds: first, that part of the relief sought in that case was a declaration that the plaintiff's trade mark did not infringe the defendant's registered mark, and secondly, that the *Merrick* case arose out of a notice of opposition to the plaintiff's registration and this case arises out of the defendant's petition for cancellation of the plaintiff's registered mark. The plaintiff is correct that the alleged controversy in the cited case included issues of infringement which the Court found to be illusory, and that in this action no issue of infringement has been raised. The question then becomes whether this Court has jurisdiction to determine by declaratory judgment, independently of any real controversy between the parties, one party's right to have its trade-mark registered under the Lanham Act, 15 U.S.C. §§ 1051–1127. It seems clear that the Court in *Merrick* addressed this issue as well, in stating at page 717:

> In such a proceeding the person who files a notice of opposition does not become involved in private litigation with the applicant. * * *

> Congress has confided the registration of trade-marks to the Patent Office of the United States. The courts of the United States have no jurisdiction over registration proceedings ex-

cept that appellate jurisdiction given then by the Trade-Mark Act.

The plaintiff strongly urges that *Merrick* is not controlling here since it involved a notice of opposition to an application and this action arises out of a petition for cancellation of an existing registration under which federally protected rights have already been acquired. The distinction is unpersuasive and the plaintiff has cited no case or section of the Lanham Act which supports the proposition. In the case of both opposition and cancellation the question is the right of the party to have its trade-mark registered. Section 1063 of Title 15, dealing with opposition to registration, states as follows:

> Any person who believes that he would be damaged by the registration of a mark upon the principal register may, upon payment of the required fee, file a verified opposition in the Patent Office stating the grounds therefor, within thirty days after the publication under subsection (a) of section 1062 of this title of the mark sought to be registered.

Section 1064 of the same title, dealing with cancellation, states in part as follows:

> A verified petition to cancel a registration of a mark, stating the grounds relied upon, may, upon payment of the prescribed fee, be filed by any person who believes that he is or will be damaged by the registration of a mark on the principal register established by this chapter, * * *.

This Court finds nothing in these or any other sections of the Act to indicate that one petitioning for cancellation of a registered mark is in any more of an adversary position with respect to the registrant than one who opposes an application. On the contrary, 15 U.S.C. § 1071(b) indicates that the language quoted from Merrick v. Sharp & Dohme, Inc., *supra*, should be applicable to both situations. That section states in part:

> (b) (1) Whenever a person authorized by subsection (a) of this section

to appeal to the United States Court of Customs and Patent Appeals [which includes an applicant for registration and a party to a cancellation proceeding] is dissatisfied with the decision of the Commissioner or Trademark Trial and Appeal Board, said person may, unless appeal is taken to said Court of Customs and Patent Appeals, have remedy by a civil action if commenced within such time after such decision, not less than sixty days, as the Commissioner appoints or as provided in subsection (a) of this section. The Court may adjudge that an applicant is entitled to a registration upon the application involved, that a registration involved should be cancelled, or such other matter as he issues in the proceeding require, as the facts in the case may appear. Such adjudication shall authorize the Commissioner to take any necessary action, upon compliance with the requirements of the law.

In accordance with what has been stated above, this Court is of the opinion that this action must be dismissed for failure to allege a justiciable controversy within the jurisdiction of the Court. Sections 1119 and 1121 of Title 15 should not be construed to require a contrary result. The application of those sections in an infringement action is obvious in order that an entire controversy may be resolved in a single forum. However, the Lanham Act as a whole, its construction in Merrick v. Sharp & Dohme, Inc., *supra*, and particularly section 1071(b), authorizing a civil action by one dissatisfied with the decision of the Commissioner concerning a matter of application for, or cancellation of, a registration, indicate that this Court is without jurisdiction under the Declaratory Judgment Act where the only issue is one party's right to a registration and infringement, misuse or unfair competition are not involved.

The plaintiff's reliance on Sam S. Goldstein Industries, Inc. v. Botany Industries, Inc., 301 F.Supp. 728 (S.D.N.Y. 1969), and Topp-Cola Co. v. Coca-Cola Co., 185 F.Supp. 700 (S.D.N.Y.1960) reversed 314 F.2d 124 (2d Cir. 1963) is misplaced. The plaintiff in *Goldstein,* in addition to seeking an injunction restraining the defendant from proceeding in the Patent Office on a petition for cancellation, sought a declaration that its trade-mark did not infringe the defendant's since the defendant had previously threatened the plaintiff's customers with an infringement action. The Court properly upheld the existence of an actual controversy and its power to determine the plaintiff's right to a registration. This Court will not attempt to resolve the parties' disagreement as to whether the *Topp-Cola* case was reversed on other grounds. Suffice it to say that the case is not on point and any statement of the District Court which may support the plaintiff here is dicta at best.

For the reasons stated above, this Court is of the opinion that the defendant's motion to dismiss should be granted and the cause should be, and the same is hereby ordered dismissed.