The **RED LOBSTER INNS OF AMERICA, INC.**, a corporation, **Plaintiff**,

v.

**NEW ENGLAND OYSTER HOUSE, INC.**, a corporation, **Defendant**.

No. (FL) 73–122–Civ–CF.

United States District Court, S. D. Florida.

July 15, 1974.

Eugene L. Heinrich of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, Fla., Dean A. Olds and Richard H. Compere of Hume, Clement, Brinks, Willian, Olds & Cook, Ltd., Chicago, Ill., Harold D. Jastram, Minneapolis, Minn., and George T. Williams, Orlando, Fla., for plaintiff.

Harry G. Carratt of Morgan, Carratt & O'Connor, Fort Lauderdale, Fla., for defendant.

## ORDER

FULTON, Chief Judge.

Plaintiff, The Red Lobster Inns of America, Inc., brought this action for a declaratory judgment that: (1) no conflict exists between plaintiff's use of the name "Red Lobster" and design and defendant's use of "New England Oyster House" and design; (2) Plaintiff has the right to use a picture of a lobster in connection with its restaurant operations; (3) Plaintiff's federal registration No. 965,272 is valid; and (4) Defendant's opposition #53,511 in the United States Patent Office shall be dismissed and the Patent Office directed to issue a registration on plaintiff's pending application. The matter is now before the Court on plaintiff's motion to dismiss for failure to allege a justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201.

## FACTS

According to the complaint, plaintiff began its business activities in January of 1968 by opening a restaurant in Lakeland, Florida, under the name Red Lobster. Since then, 80 other restaurants have been opened by plaintiff or its franchisees, principally along the east coast of the United States.

In December, 1968, plaintiff filed an application with the United States Patent Office to register its service mark and design for restaurant (class 100) and franchising (class 101) services. Patent Office approval was granted in August, 1972, and the mark was published for opposition pursuant to 15 U.S.C. §§ 1051–1062. In October, 1972, defendant filed an objection to plaintiff's class 100 restaurant services application, contending plaintiff's mark and design was confusingly similar to that of defendant. On July 31, 1973, the United States Patent Office issued registration #965,-

272 to plaintiff covering class 101 franchise services. Thereafter, on October 30, 1973, this suit for declaratory judgment was institutied by plaintiff, and on January 25, 1974, the Patent Office granted plaintiff's motion for a stay pending the outcome of the proceedings in this Court.

## MOTION TO DISMISS

Defendant contends the complaint fails to state any justiciable claim within the meaning of the Declaratory Judgment Act because opposition proceedings before the Patent Office are not actual controversies as contemplated by the Act.

In support of the motion to dismiss, defendant relies on Homemakers, Inc. v. Chicago Home for the Friendless, 313 F.Supp. 1087 (N.D.Ill.1970) and Merrick v. Sharp and Dohme, Inc., 185 F.2d 713 (7th Cir. 1950). Both of these cases held that opposition proceeding before the Patent Office did not constitute a claim of infringement and consequently did not present an actual controversy under the Declaratory Judgment Act.

█ When a litigant relies on the federal trade-mark laws to support an action for declaratory relief, as plaintiff has tried to do in this case, an independent claim under the trademark laws must exist. Merrick v. Sharp and Dohme, Inc., 185 F.2d 713 (7th Cir. 1950); Homemakers, Inc. v. Chicago Home for the Friendless, 313 F.Supp. 1087 (N.D.Ill.1970); Acme Feed Mills, Inc. v. Quaker Oats Co., 313 F.Supp. 1156 (D.C.N.C.1970). This is so because the Declaratory Judgment Act does not independently confer federal jurisdiction. Tilley Lamp Co. v. Thacker, 454 F.2d 805 (5th Cir. 1972); Brown and Root, Inc. v. Big Rock Corp., 383 F. 2d 662 (5th Cir. 1967).

█ At the hearing on the motion to dismiss, counsel for plaintiff stated that plaintiff was not relying solely on the opposition proceedings to support its claims for declaratory relief under the federal trade-mark laws. But, that a justiciable controversy, cognizable under the trade-mark laws, arises by virtue of statements charging infringement made by the president of defendant corporation during his deposition. The deposition was taken at plaintiff's insistence in conjunction with the opposition proceedings in the Patent Office.

This Court cannot agree with plaintiff's reasoning. If the filing of an opposition does not constitute a justiciable claim under the trade-mark laws, then it would strain logic to find, as plaintiff has urged, that a justiciable claim arises merely because plaintiff sought to depose the objector in connection with the administrative proceedings.

The "opposition to register" provisions of the Lanham Act, 15 U.S.C. § 1063, are entirely distinct from the infringement provisions of 15 U.S.C. § 1114. As the Court stated in Merrick v. Sharp and Dohme, *supra*:

As we interpret and construe the Notice of Opposition, it is not a claim of infringement, or an assertion that infringement is threatened or has actually occurred.

. . . . . .

A notice of opposition, in proper form, should not be construed to be a charge of infringement or a threat to proceed to redress past infringements or to prevent future infringements. In the case at bar, the notice of opposition merely seeks to prevent the registration of the proposed mark.

The opposition proceeding before the Patent Office is of an administrative nature. It is held in the interest of the public with the Patent Office as the public's representative.

In such a proceeding the person who files a notice of opposition does not become involved in private litigation with the applicant. The Trade-Mark Act allows an opposition only to one *who believes he would be damaged by the registration*.

185 F.2d at 716–717.

For the reasons stated above, the defendant's motion to dismiss is granted and the cause be and the same is hereby dismissed.