**The RED LOBSTER INNS OF AMERICA, INC., Plaintiff-Appellant,**

v.

**NEW ENGLAND OYSTER HOUSE, INC., Defendant-Appellee.**

No. 74–3532.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1975.

Dean A. Olds, Chicago, Ill., Eugene L. Heinrich, Ft. Lauderdale, Fla., Harold D. Jastram, Minneapolis, Minn., George T. Williams, Orlando, Fla., for plaintiff-appellant.

Harry G. Carratt, Ft. Lauderdale, Fla., for defendant-appellee.

Before GEWIN, BELL and SIMPSON, Circuit Judges.

PER CURIAM:

By its Order of July 15, 1974, [1] entered after hearing, the district court granted the defendant, New England Oyster House, Inc.'s (New England) Motion to Dismiss the plaintiff, The Red Lobster Inns of America, Inc.'s (Red Lobster) Amended Complaint and dismissed this cause for lack of subject matter jurisdiction, for failure to allege a justiciable controversy under the Declaratory Judgment Act, Title 28, U.S.C., Section 2201. This appeal timely followed denial of plaintiff's motion to alter or amend the Order of Dismissal.

Red Lobster is a Florida corporation operating or franchising about 80 restaurants in Florida and in several other states along the Atlantic seaboard of the United States. New England is also a Florida corporation which operates about 20 restaurants mainly in Florida, and several at locations near Red Lobster restaurants. Jurisdiction was asserted

---

1. Reported at D.C., 378 F.Supp. 1144.

under the trademark laws of the United States, Title 15, U.S.C., Sections 1051–1127 (the Lanham Act) and Title 28, U.S.C., Sections 1331 and 1338.

The relief sought by the complaint was a declaratory judgment that: (1) no conflict exists between plaintiff's use of the name "Red Lobster" and its design and defendant's use of "New England Oyster House" and its design; (2) plaintiff has a right to use a picture of a lobster in connection with its restaurant operations; (3) plaintiff's federal registration No. 965,272 is valid and is plaintiff's property, and (4) defendant's opposition No. 53,411 in the United States Patent Office should be dismissed and the Patent Office directed to issue a registration of plaintiff's pending applications for Class 100 registration of its mark, so as to permit restaurant services under said mark.[2]

■ We find no error in the trial court's holding[3] that the opposition proceedings before the United States Patent Office did not constitute a claim of infringement and therefore did not present an actual controversy as required by the Declaratory Judgment Act, Title 28, U.S.C., Section 2201, which act does not independently confer federal jurisdiction. *Tilley Lamp Co. v. Thacker,* 5 Cir. 1972, 454 F.2d 805; *Brown and Root, Inc. v. Big Rock Corporation,* 5 Cir. 1967, 383 F.2d 662.

As pointed out, both Red Lobster and New England were Florida corporations, so that further amendment in order to assert common law unfair competition diversity jurisdiction could not be sought. Red Lobster could rely only on the federal claim of infringement under the Lanham Act, which the opposition before the Patent Office would not support. *Merrick,* supra; *Homemakers, Inc.,* supra; *Acme Feed Mills, Inc. v. Quaker Oats Co.,* D.C.N.C.1970, 313 F.Supp. 1156.

The district court's Order of Dismissal for lack of subject matter jurisdiction is
  Affirmed.

2. New England is stated by the complaint to have originally filed opposition pleading in the Patent Office to both Class 100 (restaurant services) and Class 101 (franchising) registration of plaintiff's Red Lobster mark. Due to its failure to forward the correct filing fee in connection with its opposition New England was limited to opposition to either Class 100 or Class 101 registration by the Patent Office and elected to oppose Class 100 registration. The Class 101 registration was thus issued unopposed as No. 965,272.

3. Relying principally upon *Homemakers, Inc. v. Chicago Home for the Friendless,* N.D.Ill. 1970, 313 F.Supp. 1087 and *Merrick v. Sharp and Dohme, Inc.,* 7 Cir. 1950, 185 F.2d 713.