**AMERICAN BRAHMENTAL ASSOCIATION**

v.

**AMERICAN SIMMENTAL ASSOCIATION et al.**

**No. SA–77–CA–287.**

United States District Court, W. D. Texas, San Antonio Division.

Nov. 16, 1977.

**164**

Ted D. Lee, San Antonio, Tex., for plaintiff.

Gilbert Lang Mathews, San Antonio, Tex., for deponent.

Jack C. Goldstein, Houston, Tex., Louis T. Pirkey, Austin, Tex., Local counsel, for defendants.

### ORDER REMANDING CASE TO STATE COURT

SUTTLE, District Judge.

The Plaintiff, a Texas corporation, originally brought this action in state court charging the Defendants with various acts of state trademark infringement and common law unfair competition. By way of relief the Plaintiff sought $50,000 in actual damages and $100,000 in punitive damages. In addition, the Plaintiff asked the state court for a declaratory judgment that certain trademark applications that it has pending in the United States Patent and Trademark Office should be granted and that oppositions which the American Simmental Association (ASA) have filed to those applications should be dismissed. Finally, the Plaintiff asked the state court to declare that any trademark applications on file by ASA should be denied. ASA is an Ohio corporation whose principal place of business is in Montana. The other Defendant, H. M. Wentz, Jr., d/b/a Wentz Farming Company, is a citizen of Texas.

The lawsuit came to this court upon the Defendants' petition for removal. The petition simply stated that jurisdiction was founded upon 28 U.S.C. § 1441; there was no reference to which subsection furnished the appropriate jurisdictional basis. The petition did contain allegations, however, that indicated that the Defendants were relying on § 1441(b). Specifically, the Defendants asserted: first, that a federal question existed under 28 U.S.C. § 1331

because the requested declaratory judgment necessarily involved "an interpretation and construction of the trademark laws of the United States"; and, second, that diversity existed in accordance with 28 U.S.C. § 1332. The latter contention was premised on the ground that the Plaintiff had fraudulently joined Wentz to defeat diversity and thus ASA was the only real defendant party in interest. It is settled, of course, that where a defendant seeks to remove on the basis of both diversity and a federal question, the removal will stand if either ground is well taken. *Great Northern Ry. Co. v. Galbreath Cattle Co.*, 271 U.S. 99, 46 S.Ct. 439, 70 L.Ed. 854 (1926).

Treating the Defendants' petition as one seeking removal under § 1441(b), the Plaintiff has moved to remand the case to the state court in accordance with 28 U.S.C. § 1447(c). The Plaintiff contends that there is no federal question involved, and that Wentz is indeed a proper party; consequently, diversity is absent as well. This motion has prompted ASA to respond that it seeks removal, not under § 1441(b), but rather under § 1441*(c)* because the Plaintiff's original complaint asserts a separate and independent claim against ASA that would be removable if it were sued upon alone.

This court has considered the motions and responses of all parties and has inquired into the jurisdictional question on its own motion as well. The court finds that it lacks jurisdiction under any section of § 1441 and, therefore, this case must be remanded to state court pursuant to § 1447(c).

## I FEDERAL QUESTION

In order to determine whether there exists a federal question sufficient to support removal under § 1441(b), the court must first inquire whether it would have jurisdiction if the claim were initially filed in federal court. This circuit has declared that opposition proceedings before the United States Patent Office do not constitute a valid claim of infringement and thus do not present an actual controversy which would be a proper subject for decision under the Declaratory Judgment Act, 28 U.S.C. § 2201. *Red Lobster Inns, Inc. v. New England Oyster House, Inc.*, 378 F.Supp. 1144 (S.D.Fla.1974), *aff'd per curiam,* 524 F.2d 968 (5th Cir. 1975). The district court in *Red Lobster* held that the requisite controversy was absent despite the Plaintiff's assertion that, in addition to a judgment that the Defendant's oppositions should be dismissed, the court should direct the Patent Office to issue a registration on the Plaintiff's pending application. 378 F.Supp. at 1144. Thus, the declaratory judgment that the Plaintiff is seeking in this case—a judgment that is virtually indistinguishable from the one sought in *Red Lobster*—is not one which the court would have jurisdiction to consider had the Plaintiff originally filed its suit in federal court.[1] It necessarily follows, then, that there is no basis for removal under the federal question provision of § 1441(b).

## II DIVERSITY JURISDICTION

In its removal petition, ASA contends that the Plaintiff has "collusively and fraudently [sic] joined" Wentz as a defendant in order to defeat the diversity that would otherwise exist between the parties. ASA thus contends that it is "the only real defendant in interest." The law is clear that such claims must be asserted with particularity and be supported by clear and convincing evidence. *See* 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3723 at p. 611, and the cases collected therein. The court has examined the petition for removal and finds that ASA has failed to assert its claim with *any* par-

---

1. But *see Continental Connector Corp. v. Continental Specialties Corporation,* 413 F.Supp. 1347 (D.Conn.1976), in which the court found that, *Red Lobster* notwithstanding, it had original jurisdiction under the Lanham Act, 15 U.S.C. § 1121, to entertain a claim that the Patent Office should be directed to deny registration to a pending trademark application. This court believes, however, that even in the absence of *Red Lobster,* the decision in *Continental* is erroneous in its construction of § 1121.

ticularity and, consequently, has failed to meet its burden. Furthermore, the court has, upon its own motion, reviewed the allegations contained in the Plaintiff's original petition and finds there is more than a reasonable basis for predicting that state law might impose some liability upon Wentz. This satisfies the test propounded in *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172 (5th Cir. 1968), which held that, if such a prediction could be made, "a good faith assertion of such an expectancy in a state court is not a sham, is not colorable and is not fraudulent in fact or in law." *Id.* at p. 177.

Thus, this court finds that, since both the Plaintiff and the Defendant Wentz are citizens of Texas, there is no basis to support a finding that original jurisdiction of this suit would exist by virtue of diversity under 28 U.S.C. § 1332. It follows that the conditions for removal found in 28 U.S.C. § 1441(b) have not been satisfied.

### III  SEPARATE AND INDEPENDENT CLAIM

The test to be met in order to justify removal under § 1441(c) is found in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951):

. . . where there is a single wrong to [a] plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c). 341 U.S. at 14, 71 S.Ct. at 540.

As Professor Wright has written, this test makes it extremely difficult for a diversity case to meet the requirements of § 1441(c):

Even under most liberal of state joinder rules and statutes, parties are not properly joined unless there is a question of law or fact common to all of them and there is a claim asserted for or against them all arising out of the same transaction or occurrence or series of transactions or occurrences. It seems reasonable to conclude that claims involving common questions and stemming from the same transaction do not qualify as separate causes of action under the Supreme Court's formulation.

14 Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction § 3724 at p. 629 (footnotes omitted).

The court finds the above statement to be an accurate reflection of the facts in this case. ASA, in its brief responding to the Plaintiff's motion to remand, concedes that the "Plaintiff's claims involve some common questions of law and fact" regarding both of the Defendants. The key fact involving both of the Defendants is that ASA received the rights to its trademark from Wentz. Thus, the disputes between the Plaintiffs and ASA will necessarily involve the determination of the Plaintiff's trademark rights vis-a-vis those of Wentz. Furthermore, ASA's counterclaims and defenses to the Plaintiff's claims may well rest upon the validity of any claim and defenses asserted by Wentz. And, of course, the validity of the license which Wentz conveyed to ASA is itself in issue. These are exactly the type of interlocked transactions that prevent a § 1441(c) removal under the test enunciated in *Finn*.

Therefore, this court, having found that this case is not properly removed under any provision of § 1441, hereby remands this action to state District Court for the 218th Judicial District, Wilson County, Texas, pursuant to 28 U.S.C. § 1447(c). A certified copy of this order shall be mailed by the clerk of this court to the clerk of the state court which may, upon receipt, proceed with the case. Costs of the removal proceedings shall be borne by the Defendants.

SO ORDERED this 14th day of November, 1977.