**TOPP–COLA COMPANY, a corporation, Plaintiff-Appellee,**

v.

**The COCA–COLA COMPANY, a corporation, Defendant-Appellant.**

**No. 209, Docket 27574.**

United States Court of Appeals Second Circuit.

Argued Jan. 31, 1963.

Decided Feb. 25, 1963.

———◇———

James L. Dooley, Washington, D. C., on the brief, for plaintiff-appellee.

Gilbert H. Weil, New York City (Alfred T. Lee, New York City, Pope F. Brock and John D. Goodloe, Julius R. Lunsford, Jr., Atlanta, Ga., on the brief), for defendant-appellant.

Hiram R. Cancio, Attorney General, Commonwealth of Puerto Rico (Abe Fortas, Ralph Temple, Arnold, Fortas & Porter, Washington, D. C., on the brief), as amicus curiæ of the Commonwealth of Puerto Rico.

Before LUMBARD, Chief Judge, and SMITH and HAYS, Circuit Judges.

LUMBARD, Chief Judge.

This is an appeal from a summary judgment for the plaintiff in an action for a declaratory judgment pursuant to the Declaratory Judgments Act, 28 U.S. C. § 2201. On a prior motion, Judge Bryan had granted partial summary judgment for the defendant, 185 F.Supp. 700 (S.D.N.Y.1960); no appeal has been taken from that order. The defendant appeals from an order of Judge Murphy of January 31, 1962, which granted the plaintiff's motion for summary judgment on that portion of the complaint left undisturbed by Judge Bryan's order. We find that the district court erred in asserting jurisdiction over the plaintiff's claim. Accordingly, we reverse the judgment below and remand to the district court with directions to dismiss the complaint.

Topp-Cola Co., the plaintiff, competes under the federally registered trademark "Topp-Cola" with the defendant, Coca-Cola Co., for the sale of soft drinks. On February 11, 1959, Topp-Cola filed an application for local registration of its mark in Puerto Rico, under the laws of Puerto Rico, 10 L.P.R.A. § 191 et seq. Pursuant to local procedure, Coca-Cola, which had previously registered its trademark in Puerto Rico, filed a Notice of Opposition. In its complaint, Topp-Cola alleged that this opposition, which asserts a likelihood of confusion between the marks "Topp-Cola" and "Coca-Cola", amounts to a charge of trademark infringement. It alleged also that the opposition was a step in the defendant's "plan to hamper and frustrate competition in cola type beverages." Asserting a lack of confusing similarity between the marks, Topp-Cola sought a declaratory judgment to that effect, a judgment of non-infringement, and a decree enjoining Coca-Cola from opposing applications of Topp-Cola for local registration in Puerto Rico or elsewhere, and from otherwise "interfering with the legitimate expansion of the plaintiff's cola beverage business." Judge Bryan found that the complaint stated separate causes of action, one for a declaratory judgment and injunctive relief pertinent to the registration proceedings in Puerto Rico, and one based on the broad allegations of general interference with the plaintiff's business. He ruled that the first cause of action was adjudicable under the Declaratory Judgments Act. As to the second, he found that the only fact relied on "to establish a 'plot' or 'scheme' to exclude plaintiff from foreign commerce is the notice of opposition filed by defendant in Puerto Rico." 185 F. Supp. at 707. As the plaintiff had shown "not one fact, not one single circumstance," id., at 708, to support the broad claim, the defendant was entitled to summary judgment as to it. Judge Bryan ordered stricken from the complaint the paragraphs pertaining to this cause of action, leaving for trial only the claims pertaining to the Puerto Rican registration proceeding. Thereafter, Judge Murphy found that there was no issue of fact remaining on the surviving claim and granted the plaintiff's motion for summary judgment.

■■■■ One who is subjected to charges of infringement and the threat of legal proceedings need not wait until his accuser chooses to bring suit to secure a determination of his rights. One of the purposes of the Declaratory Judgments Act is to avoid the unfairness of allowing one party to create a controversy by making such charges but, by withholding suit, to prevent the other party from conclusively refuting them. See, e. g., Shell Oil Co. v. Frusetta, 290 F.2d 689 (9 Cir., 1961); Wells v. Universal Pictures Co., 166 F.2d 690 (2 Cir., 1948); Merrimac Hat Corp. v. Crown Overall Mfg. Co., 91 F.Supp. 49 (S.D.N.Y.1950), aff'd 186 F.2d 505 (2 Cir., 1951). In this case, however, it is clear from the affidavits of the parties and the order of Judge Bryan that the only controversy between the plaintiff and the defendant concerns the former's right to register its trademark in Puerto Rico. All that the defendant has done is to file a notice

of opposition in the Puerto Rican proceedings. While one of the bases of the opposition is that the plaintiff's mark is confusingly similar to the defendant's, the filing of an opposition in a local registration proceeding is not by itself a charge or warning of a future charge of infringement. Merrick v. Sharp & Dohme, Inc., 185 F.2d 713 (7 Cir., 1950), cert. denied, 340 U.S. 954, 71 S.Ct. 573, 95 L.Ed. 687 (1951); see Emerson Electric Mfg. Co. v. Emerson Radio & Phonograph Corp., 105 F.2d 908, 911 (2 Cir.), cert. denied, 308 U.S. 616, 60 S.Ct. 262, 84 L.Ed. 515 (1939).

The precise issue before us, therefore, is whether a district court in the Southern District of New York should resolve, as between the parties, the issues on which the plaintiff's right to registration in Puerto Rico depends, and if it finds for the plaintiff, enjoin the defendant from appearing in the proceedings in Puerto Rico. The answer is no. Puerto Rico has the same power to enact local trademark legislation as do the states. See People of Puerto Rico v. Shell Co. (P.R.), Ltd., 302 U.S. 253, 58 S.Ct. 167, 82 L.Ed. 235 (1937) (affirming Puerto Rico's right to enact local antitrust legislation); American Trading Co. v. H. E. Heacock Co., 285 U.S. 247, 52 S.Ct. 387, 76 L.Ed. 740 (1932) (affirming the right of the Philippines to enact local trademark legislation). The benefits which it affords a local registrant are additional to rights that may be acquired by federal registration,[1] and the defendant's opposition in the proceedings in Puerto Rico does not call into question any of the plaintiff's rights as a federal registrant. Compare Dawn Donut Co. v. Hart's Food Stores, Inc., 267 F.2d 358, 365–366 (2 Cir., 1959).

An applicant for the strictly local advantages conferred by local registration of a trademark may not use a de-

claratory judgment action in order to remove to a federal court an opposition proceeding before local authorities. Such interference with state administrative agencies has been condemned by the Supreme Court. Public Service Comm. of Utah v. Wycoff Co., 344 U.S. 237, 246–247, 73 S.Ct. 236, 97 L.Ed. 291 (1952). That the injunction which the plaintiff seeks would be directed against the defendant and not against Puerto Rico does not make it any the less an interruption of the orderly procedures established by Puerto Rican law, procedures invoked by the plaintiff when it filed its application for local registration. See Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 9, 60 S.Ct. 215, 84 L.Ed. 537 (1939). Were an applicant for local registration able to bring his opposer into a federal court, especially one so far removed as in this case, the expenses of litigation might deter the filing of oppositions, making more difficult the local authority's determination of whether registration should be granted.

Apart from all this, it is clear that no useful purpose would be served by an adjudication in the district court of the plaintiff's right to registration in Puerto Rico or the defendant's right to oppose such registration. The plaintiff is not in the position of one who is threatened with legal proceedings but does not know when or where the blow will fall. The proceedings in Puerto Rico and the defendant's opposition are actual; the right of both parties will be determined in due course. The Declaratory Judgments Act may not be used simply to remove a controversy from a forum where it properly belongs. See National Cancer Hospital of America v. Webster, 251 F.2d 466, 468 (2 Cir., 1958), cert. denied, 361 U.S. 824, 80 S.Ct. 71, 4 L.Ed.2d 68 (1959).

The Declaratory Judgments Act is "an authorization, not a command." Public

---

1. For example the Puerto Rican Trademark Act provides criminal penalties for the unauthorized reuse by a manufacturer of carbonated beverages of a container for such beverages which bears the locally registered trademark of another manufacturer. 10 L.P.R.A. § 213.

Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962). In our judgment, the district court abused its discretion in accepting jurisdiction over this controversy. Compare Delno v. Market St. Ry., 124 F.2d 965 (9 Cir., 1942); 6 Moore, Federal Practice 3030 (2d ed. 1953).

The judgment is reversed. The case is remanded to the district court with directions to dismiss the complaint.