**DR. BECK AND CO. G.M.B.H.,**
Plaintiff-Appellant,

v.

**GENERAL ELECTRIC COMPANY,**
Defendant-Appellee.

**No. 288, Docket 27951.**

United States Court of Appeals
Second Circuit.

Argued May 7, 1963.

Decided May 28, 1963.

Michael S. Striker, New York City, for plaintiff-appellant.

William W. Rymer, Boston, Mass. (Rynn Berry, New York City, on the brief; H. L. Kirkpatrick, Boston, Mass., of counsel), for defendant-appellee.

Before FRIENDLY, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

Dr. Beck & Co. G.M.B.H., a German corporation, sought a declaratory judgment in the United States District Court for the Southern District of New York that United States Patent No. 2,936,296, issued on May 10, 1960, to the defendant, General Electric Company, was invalid and not infringed. 28 U.S.C.A. §§ 2201–2202. Judge Levet granted defendant's motion to dismiss the action for lack of jurisdiction because of the absence of an actual controversy between the parties. 210 F.Supp. 86 (S.D.N.Y.1962). On this appeal by the plaintiff, we affirm the decision of the district court.

The existence of an actual controversy in the constitutional sense is necessary to sustain jurisdiction under the Declaratory Judgment Act; the court must be presented with "a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged." Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937). In patent cases of the present kind, the determination of the existence of such a case or controversy turns upon whether a claim or charge of infringement has been made, directly or indirectly, by the owner of the patent. Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 200 F.2d 876 (2 Cir. 1952); Treemond Co. v. Schering Corp., 122 F.2d 702 (3 Cir. 1941); cf. Topp-Cola Co. v. Coca-Cola Co., 314 F.2d 124 (2 Cir. 1963). Assuming in plaintiff's favor that Behrendt and McIntosh, employees of General Electric International, had made charges of infringement against Dr. Beck & Co. with respect to the United States patent in question, we think it clear on this record, as Judge Levet found, that neither man had actual or apparent authority to make such a charge on behalf of General Electric. A charge of infringement made by agents who have no authority to make it does not create an actual controversy. Alamo Refining Co.

v. Shell Development Co., 84 F.Supp. 325 (D.Del.1949).

Moreover, even in actions which technically fall within the jurisdictional requirements of § 2201, a court in its discretion may decline to exercise jurisdiction. Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962); Mechling Barge Lines, Inc. v. United States, 368 U.S. 324, 82 S.Ct. 337, 7 L.Ed.2d 317 (1961); Public Service Commission of Utah v. Wycoff Co., Inc., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952). The insufficiency of plaintiff's proof that at the time suit was brought it had any serious plans to engage in business in the United States, or that its plans were at all altered by the charge of infringement, see Wembley, Inc. v. Superba Cravats, Inc., 315 F.2d 87 (2 Cir. 1963), would amply support a discretionary decision to decline to take jurisdiction at this time.

Affirmed.