Paul A. MULLER and Celfil Company Establishment, Plaintiffs-Appellants,

v.

OLIN MATHIESON CHEMICAL CORPORATION, Defendant-Appellee.

No. 275, Docket 31661.

United States Court of Appeals
Second Circuit.

Argued Jan. 16, 1968.

Decided Nov. 29, 1968.

Peter J. O'Shea, Jr., Royall, Koegel, Rogers & Wells, Caesar L. Pitassy, William F. Koegel, New York City, David E. Varner, Cushman, Darby & Cushman, Washington, D. C., James A. Velde, Gardner, Carton, Douglas, Chilgren & Waud, Chicago, Ill., for plaintiffs-appellants.

N. Dale Sayre, New York City. (McLean, Morton & Boustead, New York City, of counsel, Roger T. McLean and J. Donald Tierney, New York City, on the brief) for defendant-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and FEINBERG, Circuit Judges.

WATERMAN, Circuit Judge:

Plaintiff-appellant Paul A. Muller, a Swiss citizen, invented a paper filter for cigarettes and a process and apparatus for making the filter. Plaintiff-appellant Celfil Company Establishment is a legal entity organized under the laws of Liechtenstein to exploit the inventions and patent rights of plaintiff Muller. Defendant-appellee Olin Mathieson Chemical Corporation is a Virginia corporation doing business in North Carolina and having a place of business in New York.

This case is but one of a long series of legal battles between the parties. On April 18, 1955 Muller filed a patent application in the United States Patent Office, which became United States patent No. 2,995,481 (hereinafter "'481") on August 8, 1961. On June 3, 1958, more than three years after plaintiff Muller had filed his United States patent application, defendant's employees, Milton O. Schur and James C. Rickards, filed an application for a United States patent for a similar filter and filter process. The Schur-Rickards application was granted on September 27, 1960 as United States patent No. 2,954,036 (hereinafter "'036"). At plaintiffs' request, the Patent Office declared an interference between defendant's '036 patent and Muller's patent application. Subsequently the Board of Patent Interferences ruled against plaintiffs, finding defendant's patent different from the invention described in Muller's patent application. Plaintiffs' court action

challenging the Board's decision was, upon stipulation of the parties, dismissed with prejudice by the United States District Court for the Southern District of New York, Civil Action 64–1688, on November 27, 1967.

In another patent interference proceeding, also relating to a paper filter cigarette process and apparatus, which was invoked in a three-party proceeding by both plaintiffs and defendant to contest a patent owned by the Kimberly-Clark Corporation (hereinafter called the "Marogg patent") the Patent Office Board of Patent Interferences again found against plaintiffs and awarded priority to defendant, the defendant, after the interference had been declared, having reached an agreement with Kimberly-Clark that as between the two of them the defendant had priority of invention. Plaintiffs' action against Kimberly-Clark and Olin Mathieson to have the Board decision reversed was, by stipulation, discontinued on November 28, 1967, United States District Court for the Southern District of New York, 65–967. On March 8, 1966, while Civil Action 65–967 was pending, defendant was granted United States patent No. 3,238,-852 (hereinafter " '852") which incorporates claims from the Marogg patent.

In this action, which was instituted in the District Court for the Western District of North Carolina, and later transferred to the Southern District of New York, plaintiffs seek relief for alleged misappropriation of their invention and seek a declaratory judgment that defendant's patents '036 and '852 are invalid. Plaintiffs contend patent '036 is invalid by reason of prior art and invention, 35

U.S.C. §§ 102, 103; and that, in any event, it is unenforceable against plaintiffs because defendant wrongfully appropriated plaintiff Muller's invention. The invalidity of patent '852 is urged for similar reasons and on the ground that the award of priority to defendant was obtained through a fraudulent agreement with the Kimberly-Clark Corporation.

Plaintiffs' complaint also included a prayer for equitable relief in the form of a constructive trust upon defendant's foreign patents and patent applications that correspond to plaintiffs' '036 patent and a prayer for an order to compel the assignment of those patents and patent applications to plaintiffs. Alternatively, plaintiffs sought an injunction enjoining defendant from suing them for infringement of any of these foreign patents, and from suits that defendant might bring which would impede plaintiffs' expansion.

Defendant, pursuant to Rule 12(b)(6), Fed.R.Civ.P., moved to dismiss plaintiffs' complaint on the ground that the complaint failed to state a claim upon which relief could be granted. The district court granted the motion with leave to plaintiffs to amend. Plaintiffs then moved under Rule 41(a) (2), Fed.R.Civ.P. to have their action dismissed without prejudice. Taking into consideration the motion papers submitted by both counsel, the trial judge dismissed the plaintiffs' complaint *with prejudice,* on the grounds that the complaint failed "to disclose an actual controversy between the parties upon which declaratory relief can be granted under the Declaratory Judgment Act, 28 U.S.C. § 2201." [1]

---

1. The order follows:

This cause came on to be heard upon motion of the plaintiffs for an order dismissing this action without prejudice, and upon consideration thereof and of the annexed affidavit of [plaintiffs' counsel] verified the 8th day of June, 1967, and of memoranda submitted by respective counsel, and upon hearing oral argument and good cause therefor appearing, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. The complaint is dismissed with prejudice on the grounds that the complaint fails to disclose an actual controversy between the parties upon which declaratory relief can be granted under the Declaratory Judgment Act 28 U.S.C. § 2201.

2. Plaintiffs are precluded from bringing any action in a federal or

We reverse this order and remand with directions to reopen the pleadings so as again to permit plaintiffs to proceed with their complaint, if so advised.

■■■ The existence of an actual controversy in the constitutional sense is of course necessary to sustain jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. Dr. Beck & Co., G. M. B. H. v. General Electric Co., 317 F.2d 538 (2 Cir. 1963). The difference between definite, concrete and substantial controversies which are justiciable, and hypothetical, abstract, or academic ones which are not justiciable, is one of degree, to be determined on a case by case basis. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S. Ct. 510, 85 L.Ed. 826 (1941); Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239–241, 57 S.Ct. 461, 81 L.Ed. 617 (1937); Wembley, Inc. v. Superba Cravats, Inc., 315 F.2d 87, 89 (2 Cir. 1963).

■ In patent cases of this kind, it is clear ·that a justiciable controversy is present if defendant, the patentee, has charged plaintiff ˙with infringement, or has threatened plaintiff with an infringement suit, either directly or indirectly. Dr. Beck & Co. G. M. B. H. v. General Electric Co., supra; Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 200 F.2d 876 (2 Cir. 1952). Professor Moore states that the requirement that there has been a "charge of infringement" has been given a very liberal interpretation. 6A Moore's Federal Practice ¶ 57.20 at 3119 (2d ed. 1966). The cases substantiate his view.

An infringement suit against one of plaintiff's licensees, Joseph Bancroft & Sons Co. v. Spunize Co. of America, 268 F.2d 522 (2 Cir. 1959) or against another manufacturer ·of a similar product, Dewey & Almy Chemical Co. v. American Anode, Inc., 137 F.2d 68 (3 Cir.), cert. denied, 320 U.S. 761, 64 S.Ct. 70, 88 L. Ed. 454 (1943), a notice in a trade journal, Rhodes Pharmacal Co., Inc. v. Dolcin Corp., 91 F.Supp. 87 (S.D.N.Y.1950), and circumspect language contained in a letter, Simmonds Aerocessories, Ltd. v. Elastic Stop Nut Corp. of America, 257 F.2d 485 (3 Cir. 1958), have all been held sufficient implicit "threats of infringement suit" to create a justiciable controversy. On the other hand, it has been held that the filing of an opposition in a trademark registration proceeding is not by itself a charge or warning of a future "charge of infringement." Topp-Cola Co. v. Coca-Cola Co., 314 F.2d 124 (2 Cir. 1963).

■ In the case at bar, plaintiffs offer the following indicia of a "threat of litigation": (1) the numerous patent interference proceedings involving the parties; (2) a letter from plaintiffs' American licensee of the '481 patent requesting that Celfil hold it harmless against any actions that defendant might bring against it for patent infringement; and (3) a letter from defendant to plaintiffs' British licensee offering a license and coming very close to claiming infringement of defendant's patent, defendant noting that plaintiffs' licensee admitted it had produced filters since 1955. In *Topp-Cola Co.*, supra, we said that interference proceedings alone are not sufficient to justify finding a "threat of infringement," but here the two letters are evidence of a developing reluctance to. deal with plaintiffs because of defendant's patents, and, in such case, the interference proceedings are but other pertinent factors to be considered with the other relevant evidence.

■ No doubt the years of strife[2] between the parties has impeded plain-

state court against defendant based on the claims for affirmative equitable relief in the complaint except that plaintiffs are not precluded from pleading such claims as a defense to validity or infringement of the patents either in an action by defendant against plaintiffs for infringement of the patents or as a basis for invalidity or non-infringement of the patents in a declaratory judgment action brought by plaintiffs against defendants.

2. See, for example, Schur and Rickards v. Muller, 372 F.2d 546 (CCPA 1967).

tiffs' success in marketing their product in this country and elsewhere. Unlike the facts in Wembley, Inc. v. Superba Cravats, Inc., supra, the plaintiffs are ready, able and anxious to enter the United States market in quantity. But defendant has put plaintiffs in a position where they must either abandon use of their patent or, if they exploit the patent, must run the risk of being liable to defendant for potential damages whenever defendant should see fit to sue for infringement. See Dewey & Almy Chemical Co. v. American Anode, Inc., supra, 137 F.2d at 71. To deny that a "case or controversy" exists in this situation is to "ignore the realities of business life." 6A Moore's Federal Practice ¶ 57.20, at 3121 (2d ed. 1966). Defendant contends to us that the patent interference proceedings are res judicata on the issue of patent validity. We disagree. The interference proceedings only determined that certain differences between the patents of plaintiffs and defendant existed. The questions of misappropriation, public disclosure, fraud, and unfair competition giving rise to suits for damages were not before the administrative tribunal and were not decided there.

Nevertheless, we point out that even when justiciability is present the court is not required to proceed with the declaratory judgment action, for it is well settled that a trial court's decision to exercise declaratory jurisdiction is a discretionary one. See cases cited in Dr. Beck & Co. G. M. B. H. v. General Electric Co., 317 F.2d 538, 539 (2 Cir. 1963). Here the trial judge found no justiciable controversy, and so it is clear that the dismissal order he entered was not based upon the exercise of his discretion. As we hold that the order was improperly grounded as a matter of law, the fact that the complaint could also have been dismissed as a matter of discretion does not insulate the dismissal from our review.

As we find that plaintiffs' claim for declaratory relief involves a justiciable controversy, we need not consider wheth-er the alternative and additional claims for equitable relief and for relief based upon alleged misappropriation as distinct from the prayers for declaratory relief set forth claims upon which relief may be granted.

Reversed and remanded.