**ACME FEED MILLS, INC., Plaintiff,**

v.

**The QUAKER OATS COMPANY, Defendant.**

No. C–231–G–69.

United States District Court,
M. D. North Carolina,
Greensboro Division.

June 23, 1970.

David Rabin, Greensboro, N. C., for plaintiff.

Beverly C. Moore, Greensboro, N. C., and Beverly W. Pattishall, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

EDWIN M. STANLEY, Chief Judge.

This is an action for declaratory judgment seeking a declaration of plaintiff's right to register and use the trademark KENNEL PRIDE. The matter is before the Court on the defendant's motion to dismiss for failure of the plaintiff to allege an "actual controversy" within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201.

Briefly summarized, the complaint alleges that plaintiff has been using in its business the trademark KENNEL PRIDE for dog food since 1953 in intrastate and interstate commerce, and has established substantial good will in the use of its trademark; that on March 6, 1969, plaintiff filed in the United States Patent Office a trademark application for registration of the trademark KENNEL PRIDE; that the United States Patent Office acted favorably after conducting the requisite investigations, and on July 22, 1969, published for opposition the trademark KENNEL PRIDE in the *Official Gazette*; that on August 21, 1969, defendant filed a notice of opposition in the United States Patent Office, alleging that plaintiff's trademark KENNEL PRIDE sought to be registered was likely to result in confusion, mistake or deception with the defendant's line of dog food; that plaintiff has openly used the trademark KENNEL PRIDE for dog food continuously since 1953, and is unaware of any confusion, mistake or deception, or likelihood of confusion, mistake or deception, of plaintiff's trademark KENNEL PRIDE with the trademark of any other concern, including the trademarks of the defendant; and that unless restrained by this Court, defendant will hamper and frustrate plaintiff's right to obtain registration in the United States Patent Office for its trademark KENNEL PRIDE, thereby causing plaintiff to suffer irreparable damage and injury to a valuable asset. It is further alleged that the actual and justiciable controversy between plaintiff and defendant relates to the right of the plaintiff to use its trademark KENNEL PRIDE without further opposition and charges by defendant.

The relief prayed for is (1) a declaration that plaintiff's trademark KENNEL PRIDE is not similar to any trademark of the defendant as to likely cause confusion or deceive purchasers, and that the plaintiff has the exclusive right to continue its use of said trademark on dog food without opposition, threats or infringement or molestation by defendant, (2) an order restraining defendant from prosecuting its opposition in United States Patent Office pending a determination of the issues raised in the complaint, (3) a declaration that the plaintiff has the right to continue to sell and advertise its dog food employing the trademark KENNEL PRIDE, and that such trademark does not infringe upon any of the rights of the defendant, and (4) an injunction restraining the defendant from charging orally or in writing that plaintiff's trademark KENNEL PRIDE constitutes an infringement or unfair competition with any of defendant's trademarks.

The only allegation in the complaint which sets forth any action of the defendant on which a claim of "actual controversy" could be based is the allegation in paragraph 7 as follows:

"7. Defendant filed on 21 August 1969 a notice of opposition in the United States Patent Office, Opposition No. 49928, in which defendant alleges that plaintiff's trademark KENNEL PRIDE sought to be registered in the United States Patent Office is likely to result in confusion, mistake or deception with opposer's line of dog food products."

■ A notice of opposition to an application to register trademarks does not constitute a charge of trademark infringement since it relates only to the right to register the trademark. The notice of opposition is nothing more than a statutory administrative procedure challenging the granting of trademark registration.

■ In Merrick v. Sharp & Dohme, Inc., 7 Cir., 185 F.2d 713 (1950), cert. den. 340 U.S. 954, 71 S.Ct. 573, 95 L.Ed. 687, the court, in considering the identical issue here presented, held that the filing of a notice of opposition to an application to register a trademark did not constitute a claim of infringement, and thus did not raise an "actual controversy." The court stated:

"A notice of opposition, in proper form, should not be construed to be a charge of infringement or a threat to proceed to redress past infringements or to prevent future infringements. In the case at bar, the notice of opposition merely seeks to prevent the registration of the proposed mark.

"The opposition proceeding before the Patent Office is of an administrative nature. It is held in the interest of the public with the Patent Office as the public's representative.

"In such a proceeding the person who files a notice of opposition does not become involved in private litigation with the applicant. The Trade-Mark Act allows an opposition only to one *who believes he would be damaged by the registration.* Such opposing party must allege and prove his interest in the matter of the registration. He must show facts from which the likelihood of injury may be inferred (Callman Unfair Competition and Trade-Marks, pp. 1707–9.)

"Congress has confided the registration of trade-marks to the Patent Office of the United States. The courts of the United States have no jurisdiction over registration proceedings except that appellate jurisdiction given them by the Trade-Mark Act.

\* \* \* \* \* \*

"In our opinion the Notice of Opposition here involved did not constitute a charge of infringement.

"There was therefore no justiciable controversy between the appellant and appellees. The judgment of the District Court is reversed and the cause remanded with directions to dismiss the complaint."

In discussing a similar problem, the court, in Topp-Cola Company v. Coca-Cola Company, 2 Cir., 314 F.2d 124 (1963), found that the district court abused its discretion in accepting jurisdiction over the controversy.

For the reasons stated, the Court is of the opinion that the defendant's motion to dismiss should be granted.

An order will be entered accordingly.