**CONTINENTAL CONNECTOR CORPORATION**

v.

**CONTINENTAL SPECIALTIES CORPORATION et al.**

Civ. No. N–75–35.

United States District Court, D. Connecticut.

June 1, 1976.

Harold James, New York City, for plaintiff.

Anthony P. DeLio, New Haven, Conn., for defendants.

## RULING ON PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM

NEWMAN, District Judge.

Plaintiff's motion to dismiss defendants' counterclaim for lack of subject matter jurisdiction poses, according to the parties, an issue of first impression concerning a district court's jurisdiction over the subject matter of a trademark opposition proceeding currently pending before a Trademark Trial and Appeal Board in the United States Patent and Trademark Office. Plaintiff initially invoked this Court's diversity jurisdiction on February 13, 1975, with a complaint alleging diversity of citizenship and jurisdictional amount and asserting common law claims of unfair competition and infringement of three unregistered trademarks, "CONTINENTAL", "CONTINENTAL CONNECTORS", and "CCC", in the field of electrical connectors and related products. Plaintiff sought damages and injunctive relief. On November 7, 1975, plaintiff was granted leave to file an amended complaint, which renewed the common law claims in Count I and added, in Count II, a claim of infringement of two marks registered to plaintiff, "CONTINEN-

TAL AND CCC DESIGN" and "CONTINENTAL AND CIRCLE DESIGN", as well as two marks that plaintiff has applied to register, "CONTINENTAL" and "CONTINENTAL CONNECTORS AND DESIGN". Defendants' answer includes a counterclaim, which asserts that plaintiff is not entitled to registration of "CONTINENTAL" and seeks an order from this Court directing the United States Patent and Trademark Office to deny such registration.

On December 31, 1974, plaintiff filed its application for registration of "CONTINENTAL". In due course in the administrative proceeding defendant filed a Notice of Opposition, see 15 U.S.C. § 1063, and plaintiff filed a motion to dismiss the notice of opposition for alleged insufficiency, see 37 C.F.R. § 2.104. The opposition was dismissed on March 12, 1976, but leave was granted to file an amended opposition. An amended opposition was filed, along with a motion to stay the opposition proceeding and both are presently pending before a Trademark Trial and Appeal Board.

Plaintiff contends this Court lacks subject matter jurisdiction over defendants' counterclaim, which alleges that plaintiff is not entitled to federal registration of the mark "CONTINENTAL". Defendants respond that this Court has "ancillary" jurisdiction predicated upon the unchallenged diversity jurisdiction to adjudicate the plaintiff's claim of common law infringement of its mark. Defendants are thus making the novel argument that a claim somewhat related to federal law (though not necessarily "arising under" it within the meaning of 28 U.S.C. § 1331) should be adjudicated in a federal court because of its relationship to a state law claim over which the court has diversity jurisdiction. The proposition is somewhat startling, but not necessarily incorrect.

Defendants appear to concede that this Court has no independent original jurisdiction to adjudicate the counterclaim. It has been stated that the "courts of the United States have no jurisdiction over registration proceedings except that appellate jurisdiction given them by the Trade-Mark

Act." *Merrick v. Sharp & Dohme, Inc.*, 185 F.2d 713, 717 (7th Cir. 1950) (*dictum*). See 15 U.S.C. §§ 1052(d), 1071(b). There is no question that jurisdiction over registration *proceedings* has been confided by Congress in the Patent and Trademark Office. 15 U.S.C. § 1051 *et seq.* Yet, in some cases, a district court, exercising original jurisdiction, has power to order a registration. See, *e. g., Massa v. Jiffy Products Co.*, 240 F.2d 702 (9th Cir. 1957); *cf. Avon Shoe Co. v. David Crystal, Inc.*, 279 F.2d 607, 614–15 (2d Cir. 1960). In *Massa* the authority to order such relief was founded upon 15 U.S.C. § 1119, which permits a court in any action "involving a registered mark" to "rectify the register with respect to the registrations of any party to the action."

The parties appear to assume that § 1119 permits a court to order registration of a mark only when it otherwise has jurisdiction to adjudicate a claim involving that same mark. That was the situation in *Massa,* where the plaintiff alleged infringement of its registered mark, and the court found that defendant owned the mark and was entitled to registration of it. The statute is not so narrowly worded. By giving a court authority to rectify the register with respect to the "registrations" of any party, the statute appears to permit rulings on marks other than the one on which a particular claim is founded. The statute permits a court to act in "any action involving a registered mark." Of course, even under § 1119, a court, exercising jurisdiction over a suit involving a registered mark, would not be expected to entertain unrelated claims for registration of other marks.

Even if read to authorize power to order registration of marks other than the registered mark in litigation, however, § 1119 may only provide authority for a remedy, rather than jurisdiction to adjudicate the merits of a claim. If that is so, the question remains whether jurisdiction can be exercised over the defendants' claim concerning plaintiff's right to registration. As far as subject matter jurisdiction is concerned, there are four possible approaches:

jurisdiction over claims "arising under" federal trademark laws, see 15 U.S.C. § 1121, diversity jurisdiction, ancillary jurisdiction related to plaintiff's federal claim, ancillary jurisdiction related to plaintiff's diversity claim.

As a matter solely of subject matter jurisdiction, § 1121 jurisdiction or possibly diversity jurisdiction seem adequate. The claim arises under the registration statutes in the sense that the claim is either sustained or defeated depending upon how those statutes are applied. Alternatively, requisite diversity appears between the parties, though it is not certain that defendants can demonstrate that the jurisdictional amount is in controversy on the claim concerning plaintiff's entitlement to registration.

However, if subject matter jurisdiction is grounded on § 1121 or diversity, there are two further obstacles to the exercise of such jurisdiction. First, in *Merrick v. Sharp & Dohme, Inc., supra*, the Court considered that an opposition to a registration application, in the absence of a claim of infringement, did not place the parties in an adversary position or present an actual controversy so as to justify a declaratory judgment. Accord, *Red Lobster Inns, Inc. v. New England Oyster House, Inc.*, 524 F.2d 968 (5th Cir. 1975) (*per curiam*); *Acme Feed Mills, Inc. v. Quaker Oats, Inc.*, 313 F.Supp. 1156 (M.D.N.C.1970). While the Court observed that "a person who files a notice of opposition does not become involved in private litigation with the applicant," 185 F.2d at 717, lack of adversity and a "controversy" in the article III sense cannot be missing because a court can, as in *Massa*, rule that a contestant is entitled to registration of a mark. See also 15 U.S.C. § 1071(b); *Brenner v. Manson*, 383 U.S. 519, 86 S.Ct. 1033, 16 L.Ed.2d 69 (1966); *Hoover Co. v. Coe*, 325 U.S. 79, 65 S.Ct. 955, 89 L.Ed. 1488 (1945); *United States v. Duell*, 172 U.S. 576, 19 S.Ct. 286, 43 L.Ed. 559 (1899); *Century Distilling Co. v. Continental Distilling Co.*, 106 F.2d 486 (3d Cir. 1939). But *cf. National Mutual Ins. Co. v.*

*Tidewater Transfer Co.*, 337 U.S. 582, 69 S.Ct. 1173, 93 L.Ed. 1556 (1949).[1]

■■■ The second objection, and the one that really explains the *Merrick* result, is that entitlement to registration is normally considered in the first instance by the Patent and Trademark Office. As Judge Herlands observed, the situation is analogous to primary jurisdiction. *Sam S. Goldstein Industries, Inc. v. Botany Industries, Inc.*, 301 F.Supp. 728, 731 (S.D.N.Y.1969). But as the *Goldstein* decision also makes clear, the analogy has its limits. Generally, a court defers to the exercise of an administrative agency's primary jurisdiction to have the benefit of the agency's expertise in the assessment of disputed facts that are not open for reconsideration by the court. See *Federal Maritime Bd. v. Isbrandtsen Co.*, 356 U.S. 481, 498, 78 S.Ct. 851, 2 L.Ed.2d 926 (1958); *Far East Conference v. United States*, 342 U.S. 570, 574–75, 72 S.Ct. 492, 96 L.Ed. 576 (1952). But when registration decisions of the Patent and Trademark Office are litigated in a district court pursuant to 15 U.S.C. § 1071(b), the proceeding is virtually *de novo*, since additional cross-examination and presentation of additional testimony is permitted. See *Durox Co. v. Duron Paint Mfg. Co.*, 320 F.2d 882, 885 (4th Cir. 1963); *Sam S. Goldstein Industries, Inc. v. Botany Industries, Inc., supra*, 301 F.Supp. at 731. The record made in the Patent and Trademark Office is admitted in evidence, but the factfinding of that office is not conclusive, nor is the court's consideration limited to that record. Thus, the only force to a primary jurisdiction objection in such circumstances is the desirability of adhering to the general statutory scheme of initial consideration by the administrative agency. While that scheme should be followed in most situations, see, *e. g., Topp-Cola Co. v. Coca-Cola Co.*, 314 F.2d 124 (2d Cir. 1963) (holding District Court for the Southern District of New York abused its discretion in deciding action for declaratory judgment brought by plaintiff to enjoin defendant from opposing plaintiff's application for local trademark registration in Puerto Rico), there is no need to construct a rigid rule that requires deference in all cases. See *Simmonds Aerocessories v. Elastic Stop Nut Corp.*, 257 F.2d 485, 491 (3d Cir. 1958). Interests of judicial economy are best served by eschewing the primary jurisdiction objection in cases, such as this one, where facts concerning the disputed registration are going to be litigated in connection with other claims properly within this Court's jurisdiction. *Cf. Tuvache, Inc. v. Emilio Pucci Perfumes Int'l, Inc.*, 263 F.Supp. 104 (S.D.N.Y.1967).

■■■ The same considerations make it appropriate to consider defendants' counterclaim as ancillary to either plaintiff's federal or diversity claims. See *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct.

1. The precise holding in *Merrick* is limited to its facts. The Court of Appeals construed the allegations in the defendant's notice of opposition to the plaintiff's application for registration of a trademark to be insufficient to justify a declaratory judgment on the issue of *infringement*. 185 F.2d at 717. It should be noted that after the Commissioner of Patents had found plaintiff's mark registrable, the opposer, who as the defendant in the declaratory judgment action had prevailed on his argument that his notice of opposition did not allege infringement and thereby create an actual controversy for adjudication, continued to press his opposition to the registration, and the issue of trademark registration did result in a district court proceeding. *Id.*

The characterization of the courts' role in trademark registration proceedings by the Court of Appeals in *Merrick* was based in large part on *Postum Cereal Co. v. California Fig Nut Co.*, 272 U.S. 693, 47 S.Ct. 284, 71 L.Ed. 478 (1927), which had termed the review of a dismissal by the Court of Appeals of the District of Columbia of an *inter partes* trademark proceeding beyond its jurisdiction since the proceedings did not present a "case" under article III. Since *Merrick*, the *Postum* decision has been "taken to be limited to the statutory scheme in existence before the transfer of patent and trademark litigation to [the Court of Customs and Patent Appeals]." *Glidden Co. v. Zdanok*, 370 U.S. 530, 579, 82 S.Ct. 1459, 1488, 8 L.Ed.2d 671 (1962). Finally, in *Brenner v. Manson*, 383 U.S. 519, 86 S.Ct. 1033, 16 L.Ed.2d 69 (1966), the Supreme Court overruled *Postum*, proclaiming that it had "no vitality in the present setting," *id.* at 527, 86 S.Ct. at 1038, and reaffirmed the judicial nature of patent decisions and the article III underpinnings of the judicial power exercised by the Court of Customs and Patent Appeals.

1130, 16 L.Ed.2d 218 (1966); *cf. Romero v. International Terminal Operating Co.*, 358 U.S. 354, 380–81, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). Generally, ancillary jurisdiction will not be asserted over a counterclaim that lacks an independent jurisdictional basis unless the counterclaim is compulsory. See C. Wright, *Law of Federal Courts*, § 79. That rule, too, should not be applied rigidly in this case because even if independent jurisdiction were lacking over the counterclaim at this point, there will be jurisdiction here as soon as the Patent and Trademark Office proceeding is concluded. 15 U.S.C. § 1071(b).[2] Since the claim is one that federal law places in this Court on a *de novo* basis after administrative proceedings are concluded, there is no point making the fine distinction between permissive and compulsory counterclaims that would be required if no independent ground for federal jurisdiction would ever be available. The real issue is not whether the claim is cognizable here but only *when* it is, and since it involves many of the same facts involved in plaintiff's federal and common law claims, it should be entertained now. Plaintiff's common law claim involves the identical mark, and its statutory claims concern registered marks, both of which include "CONTINENTAL".

■ Plaintiff also seeks dismissal of the counterclaim for failure to state a claim on which relief can be granted. It contends that even if this Court took jurisdiction over the opposition proceeding, dismissal would be appropriate since defendants' notice of opposition fails to allege adequately the possibility of damage from plaintiff's registration, as required by Rule 2.104 of the Trademark Rules of Practice, 37 C.F.R. § 2.104. But this Court is not taking jurisdiction of the Patent and Trademark Office proceeding. The opposition proceeding is not being removed, and compliance with the rules of practice that govern that proceed-

ing need not be observed in this litigation. Whether the notice is sufficient to warrant Patent and Trademark Office consideration of the opposition is not precisely relevant to the sufficiency of the counterclaim in this Court.

■ However, plaintiff raises a more substantial objection in contending that defendants have failed to allege damage, wholly apart from the requirements of Rule 2.104. Plaintiff objects to the defendants' somewhat equivocal allegations of their use of a similar mark and the potentiality for confusion between marks. It is understandable that while being charged with infringement of plaintiff's trademarks, the defendants approach assertions of their own use gingerly. Defendants need not admit infringement in order to test plaintiff's entitlement to registration of the mark "CONTINENTAL". See *Massa v. Jiffy Products Co., supra*, 240 F.2d at 705. Combined with plaintiff's own allegations, the defendants' pleadings are sufficient to put in issue the facts underlying the counterclaim. While some controversies involving trademark registration have been held not to have been sufficiently justiciable to warrant declaratory judgment, on the authority of the *Merrick* decision's characterization of an opposition contest, see, *e. g., Homemakers, Inc. v. Chicago Home for Friendless*, 313 F.Supp. 1087 (N.D.Ill.1970), even those rulings acknowledge that adjudication would be appropriate in an infringement action. Here plaintiff accuses the defendants of infringing its common law mark, a mark it seeks to have registered as a federal trademark. Plaintiff's infringement claim raises issues concerning the use of various marks by the parties and the likelihood of confusion, issues also central to the defendants' counterclaim and opposition. Given this configuration of claims and the common issues of law and fact involved, the

---

**2.** The defendants desire to have the question of plaintiff's entitlement to registration of its mark determined in federal court. Defendants are entitled to appeal to this Court from an adverse · decision by the Commissioner or a Trademark Trial and Appeal Board, 15 U.S.C.

§ 1071(b), and can also insist that any review initiated by plaintiff from an administrative determination favorable to defendants be conducted as a civil action in this Court, 15 U.S.C. § 1071(a)(1).

plaintiff's motion to dismiss defendants' counterclaim is denied.