**SCHWINN BICYCLE COMPANY, Plaintiff,**

v.

**Mario E. ABIKARAN, Defendant.**

**Civil No. 78–636.**

United States District Court, D. Puerto Rico.

June 20, 1978.

Tilley, Beckerleg & Meléndez, Hato Rey, P. R., for plaintiff.

Calderón, Rosa Silva & Vargas, Hato Rey, P. R., for defendant.

## DECISION AND ORDER

TORRUELLA, District Judge.

The present is an action for trademark infringement and unfair competition. 15 U.S.C. 1114, 1121. In essence, Plaintiff alleges that the Defendant has unlawfully violated his trademark rights by affixing counterfeits of his trademarks to products that do not originate with him.

Plaintiff has, in addition to the present suit, filed before the Secretary of State of the Commonwealth of Puerto Rico a petition for the cancellation of a trademark registration of Defendant. 10 L.P.R.A. § 191 et seq. Defendant has filed a Motion for Summary Judgment setting forth as his only argument the failure of Plaintiff to exhaust administrative remedies. It is Defendant's contention that because of the pendency of the petition before the Secretary of State, Plaintiff is precluded from filing the instant action. We disagree and explain as follows.

The Lanham Act, 15 U.S.C. 1053 et seq., under which this action is brought, grants a registrant a right of civil action against, "any person who shall . . . use in commerce", in any improper manner as detailed therein, a registered trademark. 15 U.S.C. 1114(1)(a). It is undisputed that Plaintiff's trademarks, "SCHWINN", and "SCHWINN" in script form, are registered with the United States Patent and Trademark Office. See Exhibits A and B of Plaintiff's complaint. Section 1121 invests federal courts with subject matter jurisdiction over causes of action arising under the Act. Lastly, under Section 15 U.S.C. § 1114(1), a registrant is entitled to injunctive relief (15 U.S.C. § 1116) and other relief (15 U.S.C. § 1117 profits and damages) against any unauthorized use in commerce of a registered trademark "[which] is likely to cause confusion, or to cause mistake, or to deceive . . ." See: *Golden Door, Inc. v. Odisho*, 437 F.Supp. 956 (N.D. Cal., 1977). Under the Puerto Rican Trademark Act the Plaintiff may seek a cancellation of a registration, 10 L.P.R.A. § 200, or he may seek damages 10 L.P.R.A. §§ 202, 203. While cancellation under Section 200 would be an administrative proceeding, any action for damages would be judicial. See § 202; *Cooperativa de Cafeteros v. Colón Colón*, 91 P.R.R. 372, D.P.R. 361 (1964).

The action before this Court, and the proceeding before the Secretary of State are, therefore, two totally independent and non-related actions. The issue, standard of proof, and the remedies are separate and distinct.[1] Under such a situation the doctrine of exhaustion of administrative remedies is inapplicable. *Mckart v. United States*, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). This case does not involve judicial review of any administrative proceedings, cf. 15 U.S.C. 1052(d), § 1071(b), *Continental Connector Corp. v. Continental Specialties Corp.*, 413 F.Supp. 1347 (D.C.Conn., 1976). Thus, it cannot be seen as a premature resort to the judicial forum. It does not involve a matter to which a court must first look to an agency's expertise, *Federal Maritime Board v. Isbrandtsen Co.*, 356 U.S. 481, 498, 78 S.Ct. 851, 2 L.Ed.2d 926 (1958), but a matter of law to which Congress has granted federal district courts original jurisdiction. 15 U.S.C. § 1121. Thus, it is clear that federal infringement and unfair practice claims are not precluded simply because the holder of the federal trademark seeks to cancel an illegally locally registered trademark. . *Cf.*

---

1. But see Page 59, infra, with respect to Plaintiff's second prayer for relief.

*Merrick v. Sharpe & Dohme, Inc.*, 185 F.2d 713 (C.A.7, 1950), cert. denied, 340 U.S. 954, 71 S.Ct. 573, 95 L.Ed. 687 (1951). Cancellation of Defendant's locally registered trademark is not a prescribed administrative remedy to Plaintiff's full injury or cause for redress. See: 15 U.S.C. § 1127(b) (par. 7); and full analysis of federal law vis-a-vis Commonwealth law in *Topp-Cola Co. v. Coca-Cola Company*, 314 F.2d 124 (C.A.2, 1963).

Our preceding analysis must, however, be qualified with respect to Plaintiff's second prayer for relief. Plaintiff's local administrative action and his second prayer of relief are both directed toward the same end.[2] In this situation it is the better course of action for the federal court to stay its hand. *Topp-Cola Co. v. Coca-Cola Company*, supra.

For all the above cited reasons Defendant's Motion for Summary Judgment, with respect to Plaintiff's first, third, fourth, fifth and sixth prayers for relief are DENIED. With respect to Plaintiff's second prayer for relief the Motion is GRANTED since administrative remedy is available.

IT IS SO ORDERED.

---

2. Both will result in the cancellation of Defendant's local registration.