**GOYA FOODS, INC., Plaintiff,**

v.

**TROPICANA PRODUCTS, INC., Defendant.**

No. 87 Civ. 3527 (MP).

United States District Court, S.D. New York.

Aug. 6, 1987.

On Request for Leave to Amend Aug. 17, 1987.

Baker & Friedman, New York City by Ben C. Friedman, for plaintiff.

Ladas & Parry, New York City, Robert Alpert, for defendant.

Janet R. Studley, Mitchell H. Stabbe, Holland & Knight, Washington, D.C., of counsel.

## OPINION

MILTON POLLACK, Senior District Judge.

This is a trademark action for a declaratory judgment of noninfringement, brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

Defendant has moved to dismiss the complaint, or alternatively to stay the action pending a final decision by the Trademark Trial and Appeal Board regarding related administrative proceedings involving plaintiff and defendant.

Plaintiff Goya Foods, Inc. ("Goya") manufactures, distributes, and sells, among other products, two soft drinks bearing the trademarks at issue in this case: (1) a cola flavored carbonated soft drink sold under the trademark TROPICOLA; (2) a coconut flavored carbonated soft drink sold under the trademark TROPICOCO. The complaint alleges that Goya and its predecessors in interest have continuously used the TROPICOLA and TROPICOCO marks on the products since 1974.

Goya's applications to re-register the TROPICOLA and TROPICOCO trademarks are pending in the U.S. Patent and Trademark Office. According to Goya's complaint, the marks were previously registered in 1975, but were automatically cancelled pursuant to 15 U.S.C. § 1058(b) when Goya failed to file a timely affidavit of continued use as required by 15 U.S.C. § 1058(a) to avoid automatic cancellation of the marks.

Goya's applications to re-register TROPICOLA and TROPICOCO were filed with the Patent and Trademark Office on January 25, 1985. A Trademark Examining Attorney of the Patent and Trademark Office preliminarily determined that TROPICOLA and TROPICOCO did not resemble any existing registration as to cause confusion, mistake, or deception. Goya subsequently received "Notices of Publication" from the Patent and Trademark Office informing that TROPICOLA and TROPICOCO would be published in the Office's *Official Gazette* pursuant to 15 U.S.C. § 1062(a).

On October 30, 1985 defendant Tropicana Products, Inc. ("Tropicana") commenced an opposition proceeding before the Trademark Trial and Appeal Board, pursuant to 15 U.S.C. § 1063, which challenged the proposed registration by Goya of TROPICOLA. Tropicana claimed that it had priority to the TROPICOLA mark, and that GOYA's TROPICOLA mark resembled Tropicana's registered trademarks—TROPICANA, TROPIC–ANA, and TROPI—as to create confusion, mistake, or deception. Goya answered Tropicana's registration opposition with a denial, and counterclaimed for cancellation of defendant's TROPI trademark registration.

On September 25, 1986 Tropicana commenced an opposition proceeding before the Trademark Trial and Appeal Board challenging Goya's proposed trademark registration of TROPICOCO. The Board ordered Tropicana's two oppositions consolidated on April 24, 1987.

After the administrative proceedings had been pending for almost two years, Goya instituted this declaratory judgment action in the Southern District of New York on May 21, 1987. Goya seeks a declaration that, *inter alia*, there has been no infringement by Goya of Tropicana's trademarks, that the TROPICOLA and TROPICOCO marks as used in Goya's business are not confusingly similar with Tropicana's marks, and that Tropicana's registration for TROPI be cancelled.

On May 22, 1987 the Trademark Trial and Appeal Board granted Goya's request to suspend the administrative proceedings, with leave to Tropicana to move to resume the opposition proceedings if the Court grants this motion to dismiss or stay.[1]

---

1. Trademark Rule of Practice Sec. 2.117(a), 37 C.F.R. § 2.117(a) provides: "Whenever it shall come to the attention of the Trademark Trial and Appeal Board that parties to a pending case are engaged in a civil action which may be dispositive of the case, proceedings before the Board may be suspended until determination of the civil action."

## DISCUSSION

Under the Declaratory Judgment Act ("the Act"), "In a case of actual controversy within its jurisdiction," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration ..." 28 U.S.C. § 2201 (1987).

"[E]ven when justiciability is present the court is not required to proceed with the declaratory judgment action, for it is well settled that a trial court's decision to exercise declaratory jurisdiction is a discretionary one." *Muller v. Olin Mathieson Chemical Corp.*, 404 F.2d 501, 505 (2d Cir. 1968).

■ In patent and trademark cases, a justiciable "actual controversy" under the Act exists if defendant has charged plaintiff with infringement, or has threatened plaintiff with an infringement suit either directly or indirectly. *Muller*, 404 F.2d at 504; 2 McCarthy, *Trademarks and Unfair Competition*, § 32:18 at 710 (2d ed. 1984). However, in this case, there is no trademark infringement claim asserted by Tropicana.

■ The filing of an opposition in a trademark registration proceeding is not tantamount to a charge of infringement or a warning of a future charge of infringement. *Topp-Cola Company v. Coca-Cola Company*, 314 F.2d 124, 126 (2d Cir.1963); *Merrick v. Sharp & Dohme, Inc.*, 185 F.2d 713, 717 (7th Cir.1950), *cert. denied*, 340 U.S. 954, 71 S.Ct. 573, 95 L.Ed. 687 (1951).

It may very well be that sending intimidating letters to a trademark registration applicant, his licensee, or a potential customer, support a suit under the Declaratory Judgment Act on the ground that it is reasonable to infer therefrom a threatened claim of infringement. *Chesebrough-Pond's Inc. v. Faberge, Inc.*, 666 F.2d 393, 396–97 (9th Cir.), *cert. denied*, 459 U.S. 967, 103 S.Ct. 294, 74 L.Ed.2d 277 (1982); *Airship Industries (UK) Ltd. v. Goodyear Tire & Rubber Co.*, 643 F.Supp. 754, 759 (S.D.N.Y.1986) (discussing cases); *Muller*, 404 F.2d at 504–505.

However, even cases exercising jurisdiction under the Declaratory Judgment Act make clear that "a simple opposition proceeding in the Patent and Trademark Office generally will not raise a real and reasonable apprehension of suit." *E.g.*, *Chesebrough-Pond's, Inc.*, 666 F.2d at 396.

■ Where no claim of infringement is made, and the only concrete dispute between the parties relates to a registration proceeding in an administrative agency, the Declaratory Judgment Act should not be used to adjudicate trademark rights. *See Topp-Cola Company v. Coca-Cola Company*, 314 F.2d 124, 126–27 (2d Cir.1963) (court abused discretion by asserting jurisdiction). The preferable course is to allow the agency to resolve the issues of registration properly before it. *Id.*

■ Congress has established administrative procedures whereby an interested party can contest trademark registration before the Trademark Trial and Appeal Board. 15 U.S.C. § 1067 (1987). Administrative determinations are subject to appellate review by the federal courts. 15 U.S.C. § 1071 (1987). An opposition before the Board seeks to prevent registration, which is the province of the Patent Office, and does not necessarily raise issues of infringement for the court. *Merrick*, 185 F.2d at 717. The Declaratory Judgment Act may not be used to unnecessarily disrupt registration proceedings pending in the Patent and Trademark Office. *See* 2 McCarthy, *supra* § 32:19 at 712 ("declaratory judgment procedure cannot be used to short circuit established administrative procedures"); *Wuv's International, Inc. v. Love's Enterprises, Inc.*, 200 U.S.P.Q. 273, 276 (D.Colo.1978) (dismissing declaratory judgment action where administrative proceedings were pending before Trademark Trial and Appeal Board). *Acme Feed Mills, Inc. v. Quaker Oats Company*, 313 F.Supp. 1156, 1158 (M.D.N.C.1970) (same).

In *Topp-Cola* the Court of Appeals held that it was an abuse of discretion to accept jurisdiction over a declaratory judgment action where defendant had merely filed a notice of opposition in local trademark registration proceedings. 314 F.2d at 126–27.

"The Declaratory Judgment Act may not be used simply to remove a controversy from a forum where it properly belongs." *Id.* at 126.[2]

■ Here, there is no chill on plaintiff, which continues to use the contested trademarks in commerce. "The plaintiff is not in the position of one who is threatened with legal proceedings but does not know when or where the blow will fall." *Topp-Cola,* 314 F.2d at 126. The present dispute regards only trademark registration, and might never give rise to a claim of infringement by defendant. The dispute between the parties is firmly in place before the agency, and may be entirely resolved there.

The Court will not, by declaratory judgment, intercede gratuitously in the unfinished and pending administrative proceedings. It is proper to adhere to "the general statutory scheme of initial consideration by the administrative agency" subject to judicial review—the course that "should be followed in most situations." *Continental Connector Corp. v. Continental Spec. Corp.,* 413 F.Supp. 1347, 1350 (D.Conn. 1976) (Newman, J.)

Accordingly, the Court declines to exercise jurisdiction under the Declaratory Judgment Act. The complaint is dismissed, with costs.

SO ORDERED.

### ON REQUEST FOR LEAVE TO AMEND

On August 6, 1987, the Court made an order dismissing the complaint herein, having declined to exercise jurisdiction under the Declaratory Judgment Act; no actual controversy was shown by the complaint. A communication from plaintiff's counsel in effect requests leave to amend the complaint to allege various acts of defendant not previously pleaded, from which it is plaintiff's perception that defendant intends to sue plaintiff for trademark in-

fringement following the Opposition proceeding that is presently before the Patent and Trademark Office. Plaintiff asserts that in an amended complaint it would plead those acts of defendant which thereby allegedly would give rise to the actual controversy requirement under the Declaratory Judgment Act.

The grant of leave to amend would be sought under the usual liberally construed Fed.R.Civ.P. 15(a) granting leave to amend after dismissal of a complaint for failure to state a cognizable claim.

■ Even if justiciable, the Court is not required to proceed with this declaratory judgment suit.

First, "it is well settled that a trial court's decision to exercise declaratory jurisdiction is a discretionary one." *Muller v. Olin Mathieson Chemical Corp.,* 404 F.2d 501, 505 (2d Cir.1968).

Second, pending administrative proceedings before the Trademark Trial and Appeal Board involve the same parties and the same issues, and militate in favor of deferring consideration of this suit.

In the exercise of their discretion, district courts have dismissed or stayed cases pending completion of proceedings before the Trademark Trial and Appeal Board. *See, e.g., C–Cure Chemical Co., Inc. v. Secure Adhesives Corp.,* 571 F.Supp. 808, 823–24 (W.D.N.Y.1983) (granting stay pending determination of similar issues by Trademark Trial and Appeal Board); *Driving Force, Inc. v. Manpower, Inc.,* 498 F.Supp. 21, 26 (E.D.Pa.1980) (same); *Wuv's International, Inc., v. Love's Enterprises, Inc.,* 200 U.S.P.Q. 273, 275–76 (D.Colo.1978) (court would not entertain suit for declaratory judgment where proceedings had been pending before the Trademark Trial and Appeal Board for two years before presentation of the issues to the trial court).

---

**2.** In marked contrast to this case, the cases cited in the briefs where courts have exercised jurisdiction were not declaratory judgment suits, and involved clear charges of trademark infringement. *Sonora Cosmetics, Inc. v. L'Oreal S.A.,* 631 F.Supp. 626 (S.D.N.Y.1986) (exercising jurisdiction although administrative proceedings pending); *C–Cure Chemical Co. v. Secure Adhesives Corp.,* 571 F.Supp. 808, 823–24 (W.D.N.Y.1983) (accepting jurisdiction but staying action pending completion of administrative proceedings).

■ The circumstances and procedural posture of this case most closely parallel the *Wuv's International* case, and merit a stay pending completion of the Opposition proceedings pending before the agency.

The agency proceedings not only preceded the court action but have been pending in the Patent and Trademark Office since October 1985. Significant resources have been expended at the agency by both parties. This investment should not be wasted; nor should a needless duplication of effort be undertaken.

Furthermore, courts should hesitate to assert jurisdiction pursuant to the Declaratory Judgment Act when similar issues are firmly in place before the agency. There is a real possibility that the dispute between the parties could be resolved at the agency. "The declaratory judgment procedure cannot be used to short-circuit established administrative procedures, such as those set up in the federal trademark registration." 2 McCarthy, *Trademarks and Unfair Competition*, § 32.19 at 712 (2d ed. 1984); *see Topp-Cola Company v. Coca-Cola Company*, 314 F.2d 124, 126 (2d Cir.1963). In a similar case where a declaratory judgment was sought on issues pending before the Trademark Trial and Appeal Board, the court would not entertain the suit, even assuming it was justiciable. *Wuv's* 200 U.S.P.Q. at 276.

There are no additional state claims or issues outside the agency's competence that will be delayed by a stay. Moreover, the Trademark Trial and Appeal Board has the unique experience and expertise to deal with the trademark issues before it. Although the Board's findings are not necessarily binding on the courts, the agency's analysis can serve as valuable insight for eventual judicial determination, if any.

■ Accordingly, since this Court would at all events enter a stay pending a Patent Office decision, the only conceivable relief that plaintiff might presently require is a ruling that the dismissal of August 6, 1987 is without prejudice to reinstating the plaintiff's claim in amended form if so advised after the determination by the Patent Office previously mentioned.

The dismissal of the complaint is accordingly modified to recite that it is a dismissal without prejudice to. the institution of an amended claim, if plaintiff be so advised after a final decision by the Trademark Trial and Appeal Board regarding the related administrative proceedings involving the plaintiff and the defendant.

SO ORDERED.