

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2004

# J&D Home Improvement v. Basement Doctor Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1902

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"J&D Home Improvement v. Basement Doctor Inc" (2004). *2004 Decisions.* Paper 1077.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1077

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-1902

———————

J&D HOME IMPROVEMENT, INC.,
                                    Appellant

v.

BASEMENT DOCTOR, INC.

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
D.C. Civil No. 02-cv-01275
District Judge:  The Honorable Sue L. Robinson

———————

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2004

———————

Before: BARRY, SMITH, <u>Circuit Judges</u>, and POLLAK,<sup>*</sup> <u>District Judge</u>

———————

(Opinion Filed: January 22, 2004)

———————

OPINION

———————

———————

<sup>*</sup> The Honorable Louis H. Pollak, District Judge, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

BARRY, <u>Circuit Judge</u>

This appeal asks us to determine whether a federal District Court has subject matter jurisdiction over a declaratory judgment action asking the Court to declare, pursuant to 15 U.S.C. § 1052(d), that both plaintiff and defendant are entitled to concurrent use trademark registrations. The District Court held that it did not have subject matter jurisdiction. We agree, and will affirm.

**I.**

Appellant J&D Home Improvement, Inc. ("J&D") has been in the business of providing basement waterproofing, foundation support, and concrete restoration services since 1939. J&D began using the mark THE BASEMENT DOCTOR in the Midwest, unaware that appellee Basement Doctor, Inc. ("Basement Doctor") was using the mark BASEMENT DOCTOR in a different geographical area. On September 1, 1998, J&D applied for federal registration of the mark THE BASEMENT DOCTOR. On November 16, 1999, the United States Patent and Trademark Office ("PTO") issued Registration No. 2,292,578 to J&D for THE BASEMENT DOCTOR. On July 24, 2000, Basement Doctor applied for federal registration of the mark BASEMENT DOCTOR. That application was rejected.

On July 17, 2001, Basement Doctor initiated a proceeding before the Trademark Trial and Appeal Board ("TTAB") seeking cancellation of J&D's registration, under Section 2(d) of the Lanham Act, based upon priority of use. Basement Doctor alleged

2

that it was the senior user because its predecessor-in-interest was using BASEMENT DOCTOR as a service mark prior to J&D's first use of THE BASEMENT DOCTOR. In October 2001, J&D filed an answer in the TTAB proceeding.

On July 8, 2002, J&D filed a complaint against Basement Doctor for a declaratory judgment in the U.S. District Court for the District of Delaware, asking the Court to declare (1) that J&D is entitled to a concurrent use registration for the mark THE BASEMENT DOCTOR for the entire country, except those areas in which Basement Doctor is able to demonstrate actual use of the mark as of J&D's filing of its registration; or (2) that J&D's registered mark for THE BASEMENT DOCTOR is valid and prima facie evidence of its right to use that mark. On July 26, 2002, Basement Doctor moved to dismiss J&D's complaint, pursuant to FED. R. CIV. P. 12(b)(1), on the ground that the District Court lacked subject matter jurisdiction because the PTO had primary jurisdiction over J&D's concurrent use claim. The TTAB stayed the cancellation proceeding pending resolution of this action.

On February 23, 2003, the District Court granted Basement Doctor's motion to dismiss J&D's complaint. The Court held that J&D had not pled the existence of an actual controversy that would permit jurisdiction over an action under the Declaratory Judgment Act, and that 15 U.S.C. § 1052(d) was not a grant of original jurisdiction. J&D now appeals. We have jurisdiction under 28 U.S.C. § 1291.

## II.

Our review of the District Court's order granting the motion to dismiss for lack of subject matter jurisdiction is plenary. See, e.g., Turicentro, S.A. v. American Airlines Inc., 303 F.3d 293, 300 (3d Cir. 2002) (citing Gould Elec. Inc. v. United States, 220 F.3d 169, 176 (3d Cir.2000)). In a Rule 12(b)(1) appeal, "'we review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" Turicentro, 303 F.3d at 300 (quoting Licata v. United States Postal Serv., 33 F.3d 259, 260 (3d Cir.1994)). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be 'facial' or 'factual.' Facial attacks, like this one, contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." Turicentro, 303 F.3d at 300, n.4 (citing NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n.7 (3d Cir. 2001)). Our review of a dismissal because a claim is not ripe is also plenary. NE Hub Partners, 239 F.3d at 341 (3d Cir. 2001) (citing Philadelphia Fed'n of Teachers v. Ridge, 150 F.3d 319, 321 (3d Cir. 1998); and Gould Elecs., 220 F.3d at 176).

Section 2(d) of the Lanham Act provides that the Director of the PTO may issue concurrent use registrations either based upon the Director's own determinations or "when a court of competent jurisdiction has finally determined that more than one person

4

is entitled to use the same or similar marks in commerce."[1] 15 U.S.C. § 1052(d); see also

Enterprises Rent-A-Car Co. v. Advantage Rent-A-Car, Inc., 330 F.3d 1333, 1339 (Fed.

Cir. 2003), cert. denied __ S.Ct. __, 2003 WL 22327301 (Dec. 15, 2003).  J&D argues

that the District Court had subject matter jurisdiction over the § 1052(d) claim asserted in

this case because 15 U.S.C. § 1121(a) states that district courts "shall have original

jurisdiction ... of all actions arising under [Chapter 22: Trademarks]," and because, they

claim, § 1052(d) authorizes a § 1121(a) "action."  The District Court held, and Basement

Doctor argues, that § 1052(d) authorizes a remedy only, not a § 1121(a) "action," and,

therefore, subject matter jurisdiction cannot be based on that statute.

We agree with the District Court, which noted that when Congress wanted to

create an "action" under the Lanham Act, it clearly did so.[2]  No such unambiguous

language is found in § 1052(d).[3]  Therefore, although a court may determine that

---

[1] A court does not itself cause the concurrent use registration to be issued; rather, it determines whether both parties are entitled to use the mark(s), and the PTO Director then issues the concurrent use registrations.  See, e.g., Sears, Roebuck & Co. v. Sears Realty Co., 30 U.S.P.Q.2d 1219, 1225 (N.D.N.Y. 1993).

[2] See, e.g., 15 U.S.C. § 1114(1) (any person using or reproducing a registered mark without authorization "shall be liable in a civil action by the registrant"); 15 U.S.C. § 1120 (any person who obtains a registration by false or fraudulent means "shall be liable in a civil action"); 15 U.S.C. § 1125(a)(1) (any person using false designations of origin likely to cause confusion "shall be liable in a civil action"); 15 U.S.C. § 1129(1) (any person who uses another's name, without permission and for profit, in an internet domain name "shall be liable in a civil action"); 15 U.S.C. § 1071(b) (authorizing applicants unsatisfied with TTAB decisions to "have a remedy by a civil action").

[3] The full text of § 1052(d) states as follows:

concurrent registration is appropriate (and thereby direct the PTO to issue concurrent

registrations), it may only do so in the context of actions over which  courts already have

No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it ...
(d) Consists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive: Provided, That if the Director determines that confusion, mistake, or deception is not likely to result from the continued use by more than one person of the same or similar marks under conditions and limitations as to the mode or place of use of the marks or the goods on or in connection with which such marks are used, concurrent registrations may be issued to such persons when they have become entitled to use such marks as a result of their concurrent lawful use in commerce prior to (1) the earliest of the filing dates of the applications pending or of any registration issued under this chapter; (2) July 5, 1947, in the case of registrations previously issued under the Act of March 3, 1881, or February 20, 1905, and continuing in full force and effect on that date; or (3) July 5, 1947, in the case of applications filed under the Act of February 20, 1905, and registered after July 5, 1947. Use prior to the filing date of any pending application or a registration shall not be required when the owner of such application or registration consents to the grant of a concurrent registration to the applicant. Concurrent registrations may also be issued by the Director when a court of competent jurisdiction has finally determined that more than one person is entitled to use the same or similar marks in commerce. In issuing concurrent registrations, the Director shall prescribe conditions and limitations as to the mode or place of use of the mark or the goods on or in connection with which such mark is registered to the respective persons.

15 U.S.C. § 1052(d) (emphasis added).

subject matter jurisdiction on some other basis.[4]  See, e.g., Old Dutch Foods, Inc. v. Dan

Dee Pretzel & Potato Chip Co., 477 F.2d 150, 155-56 (6th Cir. 1973) (jurisdiction in

infringement action over counterclaimant's seeking concurrent use registration); Lone

Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc., 106 F.3d 355, 365-66 (11th Cir.

1997) (affirming District Court's concurrent use findings in a 15 U.S.C. § 1125(a) false

designation of origin case).[5]

Neither can J&D predicate subject matter jurisdiction on the relief sought under

the Declaratory Judgment Act.  That Act empowers district courts to "declare the rights

---

[4]At least one treatise has suggested, albeit implicitly, that a plaintiff can bring a civil action for concurrent use registration.  See TRADEMARK REGISTRATION PRACTICE § 11:4, 2d ed. (2003).  It notes that § 1052(d) places certain constraints on the Director of the PTO (e.g. finding that the junior user began its use prior to filing of the senior user's application, and that no confusion will result from the concurrent uses) that it does not place on the courts, and suggests that it might be advantageous for a plaintiff to pursue concurrent use registration in the courts for this reason.  Courts have recognized their freedom from these constraints, though not as a basis for concluding that jurisdiction is thereby conferred, see, e.g., Holiday Inn v. Holiday Inns, Inc., 534 F.2d 312, 318 (C.C.P.A. 1976), as has the Trademark Manual of Examining Procedure ("TMEP").  See TMEP § 1207.04(F).   J&D argues that this distinction conveys Congress's intent that § 1052(d) confers jurisdiction.  Although we acknowledge that § 1052(d) places constraints on the Director that it does not place on courts, and that circumstances may arise whereby these constraints might prevent an applicant from receiving concurrent use registration, we do not believe that this distinction indicates that Congress intended to authorize § 1121(a) "actions" based solely on an attempt to acquire concurrent use registrations pursuant to § 1052(d).

[5]Congress's decision to include "court of competent jurisdiction" in § 1052(d), which is echoed in the PTO regulations governing concurrent use registrations, see 37 C.F.R. § 2.99(f), further supports our interpretation because it suggests that a court must have some other basis for its jurisdiction before ruling on whether the parties are entitled to use the disputed mark(s) concurrently.

7

and other legal relations of any interested party seeking such declarations," but only "[i]n a case of <u>actual controversy within its jurisdiction</u>." 28 U.S.C. § 2201(a) (emphasis added). J&D's complaint fails to state an actual controversy, much less one within the Court's jurisdiction.

"'The existence of a case and controversy is a prerequisite to all federal actions, including those for declaratory relief.'" <u>Peachlum v. City of York, Pennsylvania</u>, 333 F.3d 429, 433 (3d Cir. 2003) (quoting <u>Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio</u>, 40 F.3d 1454, 1462 (3d Cir. 1994)). "The question in each case is whether the facts alleged show that there is a substantial controversy, between parties having adverse legal interests, 'of sufficient immediacy and reality' to justify judicial resolution." <u>Peachlum</u>, 333 F.3d at 434 (quoting <u>Maryland Casualty Co. v. Pacific Coal & Oil Co.</u>, 312 U.S. 270, 273 (1941)).

J&D asks for relief in anticipation of the TTAB's ruling in its cancellation proceeding. That proceeding, <u>i.e.</u> the dispute over which party is entitled to registration of its respective mark, has been stayed pending the conclusion of this case. The TTAB will determine whether J&D is entitled to keep its registration for THE BASEMENT DOCTOR. If not, it may then utilize the PTO procedures for applying for concurrent use registration of its mark. <u>See</u> 37 C.F.R. § 2.99(a)-(e). No actual controversy exists now, however, because the registration for J&D's mark is valid, because no competing mark has been registered by Basement Doctor, and because no infringement claims have been

8

made. Because no controversy exists, the District Court did not have jurisdiction over J&D's declaratory judgment action.[6]

Moreover, as discussed above, the District Court did not have jurisdiction to declare the parties' rights to concurrent registration because that remedy, authorized by § 1052(d), is not a § 1121(a) "action."

The order of the District Court will be affirmed.

**/s/ Maryanne Trump Barry**

Circuit Judge

---

[6]Courts in other jurisdictions facing similar questions have reached the same conclusion. See, e.g., Red Lobster Inns of America, Inc. v. New England Oyster House, Inc., 524 F.2d 968, 969 (5th Cir. 1975) (no jurisdiction over a declaratory judgment action seeking determination that no conflict existed between parties' marks because "opposition proceedings before the [PTO] did not constitute a claim of infringement and therefore did not present an actual controversy as required by the Declaratory Judgment Act"); Chicago Cosmetologists Ass'n, Inc. v. National Cosmetology Ass'n, Inc., No. 92 C 4627, 1993 WL 177027, at *3 (N.D. Ill. May 21, 1993) ("The mere filing of a statutory notice of opposition to the registration of a service mark, however, does not by itself create an actual case or controversy between the parties which is justiciable by a federal court because opposition proceedings do not constitute claims of infringement, misuse, or unfair competition .... This is true even when the PTO has suspended proceedings pending the outcome of the district court action.") (internal quotations omitted).